**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

CIVIL ACTION #

| | |
|---|---|
| **MARILYN SCHLOSSBERG** <br> **AS ADMINISTRATRIX OF THE** <br> **ESTATE OF FAYE SCHLOSSBERG,** <br> **MARILYN SCHLOSSBERG,** INDIVIDUALLY, <br> **ROBERT S. SCHLOSSBERG,** INDIVIDUALLY <br> and **ALAN G. SCHLOSSBERG,** INDIVIDUALLY <br><br> Plaintiffs <br><br> v. <br><br> **TOWN OF NEWBURY,** <br> **ROGER MERRY, CHIEF OF POLICE** in his <br> Individual and Official Capacities <br> **JOHN R. LUCEY JR.,** in his Individual <br> and Official Capacities <br> **MICHAEL J. FRAYLER,** in his Individual <br> and Official Capacities <br> **PEGGY OLSON,** in her Individual and <br> Official Capacities, <br> **KEVIN MARTIN,** in his Individual and <br> Official Capacities. <br> Defendants | 04 12700 RCL <br><br> **COMPLAINT AND** <br> **JURY TRIAL DEMAND** <br><br> RECEIPT #_____ <br> AMOUNT $_____ <br> SUMMONS ISSUED___ <br> LOCAL RULE 4.1_____ <br> WAIVER FORM_____ <br> MCF ISSUED_____ <br> BY DPTY. CLK._____ <br> DATE_____ <br> MAGISTRATE JUDGE _____ |

### INTRODUCTORY STATEMENT

This is a wrongful death action brought against the Town of
Newbury, Chief of Police, Roger Merry, for the Town of Newbury,
and Police Officers, John R. Lucey Jr., and Michael J. Frayler,
Dispatcher/Matron for the Town of Newbury, Peggy Olson, and
Police Officer Kevin Martin, from the Town of Newburyport, acting
as an agent and/or special police officer for the Newbury Police
Department, pursuant to, inter alia, 42 U.S.C. sec. 1983. It is
hereby alleged that the aforementioned officers and/or employees
of the Town of Newbury, were negligent and/or recklessly

MICHAEL D. RUBENSTEIN <br> ATTORNEY AT LAW <br><br> 1725 REVERE BEACH PARKWAY <br> EVERETT, MASSACHUSETTS 02149 <br> TEL: (617) 387-3548 <br> FAX: (617) 387-4416

indifferent in denying Faye C. Schlossberg appropriate medical care and attention that resulted in her wrongful death. As a result of the officers' and/or employees of the Town of Newbury's negligence and conspiracy to cover up the negligent acts they committed, Faye C. Schlossberg's and the Plaintiffs' rights have been violated under the Federal and State Constitutions.

The Town of Newbury and the Chief of Police, Roger Merry, engaged in a pattern of deliberate indifference to the civil rights of its citizens by failing to properly hire, train, supervise, discipline or otherwise take appropriate steps to ensure that persons in its custody are not subject to denial of or delayed medical care and attention for their injuries; subjected to cover ups, conspiracies, concealment of evidence, or denied meaningful investigation of their complaints against its police officers and civilian staff.

## PARTIES/JURISDICTION

1. Faye C. Schlossberg, the decedent, was an individual who resided in the Town of Newbury, Essex County, Massachusetts prior to her death. (hereinafter, "Schlossberg").

2. Plaintiff, Marilyn R. Schlossberg, is the surviving mother of Faye C. Schlossberg, deceased and appointed, qualified and acting administratrix of the estate of Faye C. Schlossberg. Marilyn Schlossberg is an individual who currently resides in Las Vegas, Nevada. (hereinafter

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

referred to as "Plaintiff").  Schlossberg died intestate while a resident of Newbury, Essex County, Massachusetts.

3.    Plaintiff, Robert S. Schlossberg, is the surviving father of the decedent, Faye C. Schlossberg, and resides in West Palm Beach, Florida.

4.    Plaintiff, Alan G. Schlossberg, is the surviving brother of the decedent, Faye C. Schlossberg, and resides in Las Vegas, Nevada.

5.    Defendant, Town of Newbury, is a municipality located in Essex County, Massachusetts (hereinafter, "Town").

6.    Defendant, Roger Merry, is an individual who is employed by the Town of Newbury as the Police Chief, and on information and belief, is a resident of Massachusetts (hereinafter, "Merry").

7.    Defendant, John R. Lucey Jr., is an individual who is employed by the Town of Newbury as a police officer, and on information and belief, is a resident of Massachusetts (hereinafter, "Lucey").

8.    Defendant, Michael J. Frayler, is an individual who is employed by the Town of Newbury as a police officer, and on information and belief, is a resident of Massachusetts (hereinafter, "Frayler").

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

9.    Defendant, Peggy Olson, is an individual who is employed by
      the Town of Newbury as a dispatcher/matron, and on
      information and belief, is a resident of Massachusetts
      (hereinafter, "Olson").

10.   Defendant, Kevin Martin, is an individual who is employed by
      the Town of Newburyport as a police officer, and on
      information and belief, is a resident of Massachusetts
      (hereinafter, "Martin").

### FACTS COMMON TO ALL COUNTS

11.   On or about December 21, 2001, at approximately 10:40 p.m.,
      Schlossberg's vehicle was involved in a single car accident,
      in which it went off the road and struck a utility pole.

12.   Officers Lucey and Frayler were dispatched to the scene of
      the accident.

13.   Officers Lucey and Frayler ordered Schlossberg out of her
      vehicle and placed her under arrest for suspicion of
      operating under the influence of alcohol or drugs.

14.   Officers Lucey and Frayler reported that at the time of
      their initial observation of Schlossberg, her speech was
      slurred, slow and unintelligible.

15.   Officers Lucey and Frayler reported that Schlossberg was
      extremely unsteady on her feet and was swaying.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

16. After Lucey and Frayler made these observations, Schlossberg was transported in custody to the Newbury police station and booked.

17. The booking procedure was conducted by Lucey.

18. During the booking procedure, Martin came to the Newbury Police station, and acting as an agent of the Newbury Police Department, negligently conducted an unlicensed medical examination of Schlossberg.

19. Upon information and belief, Martin is not a licensed physician in the Commonwealth of Massachusetts.

20. During his negligent and unlicensed medical examination of Schlossberg, Martin negligently failed to diagnose that she was in need of immediate medical attention.

21. Schlossberg was denied necessary medical attention as a result of the negligence of the Defendants in violation of her constitutional rights.

22. Martin negligently diagnosed Schlossberg as being under the influence of narcotics, but made a determination that despite that diagnosis that she did not need to be examined by qualified medical personnel.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4418

23.  After the booking procedure and unlicensed medical examination were completed, Schlossberg was then negligently placed in the one cell that did not have video monitors.

24.  Upon information and belief, at some time during the evening at around 3:00 a.m., Schlossberg lost consciousness, and collapsed in the cell and was on the floor.

25.  Upon information and belief, at approximately 3:30 a.m., Schlossberg was seen unconscious on the floor of the cell by Olson, who made no effort to ascertain if she was in need of medical attention at that point.

26.  Upon information and belief, no Defendant checked on the Defendant for the next four hours or so, leaving her unconscious on the floor of the cell, during which time her heart and respiration stopped.

27.  It is reasonably foreseeable that to display deliberate indifference to a person's medical needs might result in death or serious bodily harm.

28.  These acts on the part of all the Defendants constituted gross negligence and/or deliberate indifference to the medical needs of Schlossberg, and was the proximate cause of her death.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

29. When the Defendants finally checked on Schlossberg approximately four hours later, her heart had stopped and she was not breathing.

30. Schlossberg was rushed to the hospital, but she was in a coma on arrival, and she ultimately died on December 26, 2001.

31. Subsequent to the discovery of Schlossberg in the cell on December 22, 2001, Lucey, Frayler, Olson, and Martin covered up, conspired and concealed their negligence by altering existing police reports and subsequently filing false police reports.   Upon information and belief, said cover up was orchestrated and/or aided and abetted by Merry.

32. The Town of Newbury and the Chief of Police, Roger Merry, engaged in a pattern of deliberate indifference to the civil rights of its citizens by failing to properly hire, train, supervise, discipline or otherwise take appropriate steps to ensure that persons in its custody are not subject to denial of or delayed medical care and attention for their injuries; subjected to cover ups, conspiracies, concealment of evidence, or denied meaningful investigation of their complaints against its police officers and civilian staff.

## COUNT I
### VIOLATION OF 42 U.S.C. SEC. 1983 v. TOWN OF NEWBURY

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

33. The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-32 as if specifically set forth herein.

34.  The Town engaged in a pattern of deliberate indifference to the civil rights of citizens by failing to properly hire, train, supervise, discipline, or otherwise take appropriate steps to ensure that persons in their custody would not be denied or delayed adequate medical care and attention for the injuries, subjected to a cover up, conspiracy, concealment of evidence, or be denied meaningful investigation of complaints against its police officers and civilian staff.

35.  The Town engaged in a policy or custom, which provided for, tolerated and was the moving force behind the commission or omission of acts by its police officers and civilian staff whose conduct was deliberately indifferent to the rights of its citizens.

36.  Specifically, the Town deprived Schlossberg of rights secured or protected by the United States Constitution or law of the United States, including but not limited to:

    i.  Schlossberg's Fourteenth Amendment due process liberty rights and equal protection under the law, to be free from cover up, concealment of evidence, and a meaningless investigation of the actions of the officers involved in this case; and

    ii. Schlossberg's Eighth Amendment right to humane and safe conditions of confinement and right not to be denied or delayed medical care.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

37.  As a direct of the actions of the Town, Schlossberg was denied and/or deprived of her civil rights under the United States Constitution.

38.  These violations of Schlossberg's civil rights caused her wrongful death, entitling the Plaintiffs to any damages allowed under the law.

**WHEREFORE,** the Plaintiffs, demand judgment against the Town of Newbury pursuant to Count I of this complaint, together with interest, costs of suit, punitive damages, attorneys fees, and such other relief as allowed by 42 U.S.C. sec. 1983 or as this Court deems just and appropriate.

## COUNT II
## LIABILITY UNDER M.G.L. CH. 258 v. TOWN OF NEWBURY

39.  The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-38 as if specifically set forth herein.

40.  Plaintiffs provided proper notice of their claim for damages against the Town pursuant to the provisions of M.G.L. Ch. 258 on October 28, 2002.

41.  Said notice was sent by certified mail and received by the Town on October 30, 2002.

42.  The content of Plaintiff's notice of claim for damages dated October 28, 2002 is hereby incorporated herein by reference.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

- Page 9 -

43.  More than six (6) months has passed since Plaintiff presented their claim for damages to the Town.

44.  The Town engaged in a pattern of gross negligence and otherwise actionable negligence pursuant to M.G.L. Ch. 258.

45.  It was reasonably foreseeable by the Town that their failure to use due care in the hiring, training and supervision of their police officers might result in harm to a member of the general public.

46.  As a result of the Town's gross negligence, Schlossberg and the Plaintiffs have suffered serious physical, emotional and financial harm.

47.  The Town's gross negligence entitles the Plaintiffs to compensatory and punitive damages, along with costs, interest and attorneys fees.

**WHEREFORE,** the Plaintiffs, demand judgment against the Town of Newbury pursuant to Count II of this complaint, together with interest, costs of suit, punitive damages, attorneys fees, and such other relief as this Court deems just and appropriate.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4418

**COUNT III**
**VIOLATION OF 42 U.S.C. SEC. 1983 v. MERRY**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES**

48.   The Plaintiffs repeat and reallege the allegations contained
      in Paragraphs 1-47 as if specifically set forth herein.

49.   Merry engaged in a pattern of deliberate indifference to the
      civil rights of citizens by failing to properly hire, train,
      supervise, discipline, or otherwise take appropriate steps
      to ensure that persons in the custody of the Newbury Police
      Department would not be denied or delayed adequate medical
      care and attention for the injuries, subjected to a cover
      up, conspiracy, concealment of evidence, or be denied
      meaningful investigation of complaints against its police
      officers and civilian staff.

50.   Merry engaged in a policy or custom, which provided for,
      tolerated and was the moving force behind the commission or
      omission of acts by the police officers and civilian staff
      under his direct supervision whose conduct was deliberately
      indifferent to the rights of its citizens.

51.   Specifically, Merry deprived Schlossberg of rights secured
      or protected by the United States Constitution or law of the
      United States, including but not limited to:
      i.   Schlossberg's Fourteenth Amendment due process liberty
           rights and equal protection under the law, to be free
           from cover up, concealment of evidence, and a
           meaningless investigation of the actions of the officers
           involved in this case; and

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

ii. Schlossberg's Eighth Amendment right to humane and safe conditions of confinement and right not to be denied or delayed medical care.

52.  As a direct of the actions of Merry, Schlossberg was denied and/or deprived of her civil rights under the United States Constitution.

53.  These violations of Schlossberg's civil rights caused her wrongful death, entitling the Plaintiffs to any damages allowed under the law.

**WHEREFORE,** the Plaintiffs, demand judgment against Chief Roger Merry pursuant to Count III of this complaint, together with interest, costs of suit, punitive damages, attorneys fees, and such other relief as allowed by 42 U.S.C. sec. 1983 or as this Court deems just and appropriate.

## COUNT IV
### VIOLATION OF 42 U.S.C. SEC. 1986 v. MERRY
### IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

54.  The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-53 as if specifically set forth herein.

55.  Merry knew that the conspiracy or conspiracies of the other Defendants, Lucey, Frayler, Olson, and Martin were about to be committed, had the power to prevent or aid in preventing the commission of such conspiracy or conspiracies, and failed and neglected to do so.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

56.   As a direct and proximate result of Merry's conduct, the
      Plaintiffs have suffered harm, entitling them to
      compensatory and punitive damages, costs and attorneys'
      fees.

      **WHEREFORE,** the Plaintiffs, demand judgment against Chief
Roger Merry, pursuant to Count IV of this complaint, together
with interest, costs of suit, punitive damages, attorneys fees,
and such other relief as allowed by 42 U.S.C. sec. 1986 or any
other relief this Court deems just and appropriate.

**COUNT V**
**VIOLATION OF 42 U.S.C. SEC. 1983 v. LUCEY**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES**

57.   The Plaintiffs repeat and reallege the allegations contained
      in Paragraphs 1-56 as if specifically set forth herein.

58.   At all times relevant hereto, Lucey acted under the color of
      law and with the authority vested in him by the Town of
      Newbury or otherwise made possible because of the privileges
      of his employment with the Newbury Police Department.

59.   Lucey deprived Schlossberg of rights secured or protected by
      the United States Constitution or law of the United States,
      including but not limited to:

      i.   Schlossberg's Fourteenth Amendment due process liberty
           rights and equal protection under the law, to be free
           from cover up, concealment of evidence, and a
           meaningless investigation of the actions of the officers
           involved in this case; and

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4418

    ii. Schlossberg's Eighth Amendment right to humane and safe conditions of confinement and right not to be denied or delayed medical care.

60.   As a direct of the actions of Lucey, Schlossberg was denied and/or deprived of her civil rights under the United States Constitution.

61.   These violations of Schlossberg's civil rights caused her wrongful death, entitling the Plaintiffs to any damages allowed under the law.

    **WHEREFORE,** the Plaintiffs, demand judgment against Officer John R. Lucey, Jr., pursuant to Count V of this complaint, together with interest, costs of suit, punitive damages, attorneys fees, and such other relief as allowed by 42 U.S.C. sec. 1983 or as this Court deems just and appropriate.

<u>**COUNT VI**</u>
<u>**VIOLATION OF 42 U.S.C. SEC. 1985 v. LUCEY**</u>
<u>**IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES**</u>

62.   The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-61 as if specifically set forth herein.

63.   Lucey conspired with Defendants, Merry, Frayler, Olson, and Martin to cover up the violations of Schlossberg's civil rights and the negligence of the Newbury Police Department.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

64.  Lucey committed these acts in furtherance of the conspiracy
     or conspiracies.

65.  As a direct and proximate result of Lucey's conduct,
     Schlossberg was deprived of her civil rights and immunities
     secured by the United States Constitution and laws pursuant
     to 42 U.S.C. sec. 1985.

66.  As a direct and proximate result of Lucey's conduct, the
     Plaintiffs have suffered harm, entitling them to
     compensatory and punitive damages, costs and attorneys'
     fees.

     **WHEREFORE,** the Plaintiffs, demand judgment against Officer
John R. Lucey, Jr., pursuant to Count VI of this complaint,
together with interest, costs of suit, punitive damages,
attorneys fees, and such other relief as allowed by 42 U.S.C.
sec. 1985 or any other relief this Court deems just and
appropriate.

### COUNT VII
### VIOLATION OF 42 U.S.C. SEC. 1986 v. LUCEY
### IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

67.  The Plaintiffs repeat and reallege the allegations contained
     in Paragraphs 1-66 as if specifically set forth herein.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL. (617) 387-3548
FAX (617) 387-4416

68.  Lucey knew that the conspiracy or conspiracies of the other
     Defendants, Merry, Frayler, Olson, and Martin were about to
     be committed, had the power to prevent or aid in preventing

the commission of such conspiracy or conspiracies, and
failed and neglected to do so.

69. As a direct and proximate result of Lucey's conduct, the
Plaintiffs have suffered harm, entitling them to
compensatory and punitive damages, costs and attorneys'
fees.

**WHEREFORE,** the Plaintiffs, demand judgment against Officer
John R. Lucey, Jr., pursuant to Count VII of this complaint,
together with interest, costs of suit, punitive damages,
attorneys fees, and such other relief as allowed by 42 U.S.C.
sec. 1986 or any other relief this Court deems just and
appropriate.

**COUNT VIII**
**VIOLATION OF M.G.L. CH. 12, SEC. 11I v. LUCEY**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES**

70. The Plaintiffs repeat and reallege the allegations contained
in Paragraphs 1-69 as if specifically set forth herein.

71. By engaging in the conduct described above, including but
not limited to the denial of medical care, conspiracy and
wrongful death, Lucey has interfered and/or attempted to
interfere with Schlossberg's and the Plaintiffs' exercise
and enjoyment of rights secured under the United Sates
Constitution and the Constitution and laws of the
Commonwealth of Massachusetts in violation of M.G.L. Ch. 12,
sec. 11*I*.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4418

72.  As a direct and proximate result of Lucey's actions, Schlossberg and the Plaintiffs have been deprived of their rights arising under the United States Constitution, the Massachusetts Constitution, and M.G.L. Ch. 12, Sec. 11I.

73.  These violations of Schlossberg's and the Plaintiffs' civil rights have caused them harm, for which they are entitled to compensatory and punitive damages, costs and attorneys' fees.

     **WHEREFORE,** the Plaintiffs demand judgment against the Defendant, John R. Lucey, Jr., pursuant to Count VIII of this complaint in the amount of:

     a.  Any actual loss suffered as a result of Lucey's acts and omissions;

     b.  Any compensatory damages which the Court deems appropriate;

     c.  Any punitive damages which the Court deems appropriate;

     d.  Any costs and attorneys' fees related to this action; and

     e.  Any such other relief as this Court deems just and appropriate.

**COUNT IX**
**WRONGFUL DEATH v. LUCEY**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES**

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

74.  The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-73 as if specifically set forth herein.

75.  Lucey was grossly negligent or recklessly indifferent in failing to provide Schlossberg with medical care.

76.  It was reasonably foreseeable that failure to provide medical care to a person in need of such medical care might result in serious harm or death.

77.  Lucey's gross negligence was the direct and proximate cause of Schlossberg's death.

WHEREFORE, the Plaintiffs demand judgment against John R. Lucey, Jr., pursuant to Count IX of this complaint in the amount of:

a.  The fair monetary value of the decedent to the Plaintiffs, including but not limited to compensation for the loss of reasonably expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent.

b.  The reasonable funeral and burial expenses incurred by the Plaintiffs.

c.  Such punitive damages as the Court deems just and appropriate.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL (617) 387-3548
FAX (617) 387-4416

**COUNT X**
**NEGLIGENCE v. LUCEY**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES**

78. The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-77 as if specifically set forth herein.

79. Lucey owed Schlossberg a duty to exercise reasonable care for her safety while she was in his custody.

80. Lucey breached that duty by failing to provide medical care to Schlossberg when such medical care was necessary.

81. It was reasonably foreseeable that the failure to provide necessary medical care to a person in custody might result in serious harm or death to that person.

82. Lucey's breach of duty was the direct and proximate cause of Schlossberg's injuries and death.

**WHEREFORE,** the Plaintiffs, demand judgment against Officer John R. Lucey, Jr., pursuant to Count X of this complaint, together with interest, costs of suit, punitive damages, attorneys fees, and such other relief as this Court deems just and appropriate.

**COUNT XI**
**FAILURE TO PROVIDE MEDICAL CARE AND ATTENTION v. LUCEY**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES**

83. The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-82 as if specifically set forth herein.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

84. Lucey had a duty to obtain proper medical care and attention for Schlossberg while she was in his care and custody.

85.   Lucey breached that duty to obtain proper medical care and
      attention for Schlossberg when he failed, neglected or
      refused to seek appropriate and necessary medical treatment
      for Schlossberg.

86.   Lucey's breach of duty was the direct and proximate cause of
      Schlossberg's death.

87.   Schlossberg is entitled to compensatory and punitive damages
      and her costs and attorneys' fees.

      **WHEREFORE,** the Plaintiffs, demand judgment against Officer
John R. Lucey, Jr., pursuant to Count XI of this complaint,
together with interest, costs of suit, punitive damages,
attorneys fees, and such other relief as this Court deems just
and appropriate.

### COUNT XII
### VIOLATION OF 42 U.S.C. SEC. 1983 v. FRAYLER
### IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

88.   The Plaintiffs repeat and reallege the allegations contained
      in Paragraphs 1-87 as if specifically set forth herein.

89.   At all times relevant hereto, Frayler acted under the color
      of law and with the authority vested in him by the Town of
      Newbury or otherwise made possible because of the privileges
      of his employment with the Newbury Police Department.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

- Page 20 -

90.   Frayler deprived Schlossberg of rights secured or protected
      by the United States Constitution or law of the United
      States, including but not limited to:

      i.   Schlossberg's Fourteenth Amendment due process liberty
           rights and equal protection under the law, to be free
           from cover up, concealment of evidence, and a
           meaningless investigation of the actions of the officers
           involved in this case; and

      ii.  Schlossberg's Eighth Amendment right to humane and safe
           conditions of confinement and right not to be denied or
           delayed medical care.

91.   As a direct of the actions of Frayler, Schlossberg was
      denied and/or deprived of her civil rights under the United
      States Constitution.

92.   These violations of Schlossberg's civil rights caused her
      wrongful death, entitling the Plaintiffs to any damages
      allowed under the law.

      **WHEREFORE,** the Plaintiffs, demand judgment against Officer
Michael J. Frayler, Jr., pursuant to Count XII of this complaint,
together with interest, costs of suit, punitive damages,
attorneys fees, and such other relief as allowed by 42 U.S.C.
sec. 1983 or as this Court deems just and appropriate.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4418

## COUNT XIII
## VIOLATION OF 42 U.S.C. SEC. 1985 v. FRAYLER
## IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

93.  The Plaintiffs repeat and reallege the allegations contained
     in Paragraphs 1-92 as if specifically set forth herein.

94.  Frayler conspired with Defendants, Merry, Lucey, Olson, and
     Martin to cover up the violations of Schlossberg's civil
     rights and the negligence of the Newbury Police Department.

95.  Frayler committed these acts in furtherance of the
     conspiracy or conspiracies.

96.  As a direct and proximate result of Frayler's conduct,
     Schlossberg was deprived of her civil rights and immunities
     secured by the United States Constitution and laws pursuant
     to 42 U.S.C. sec. 1985.

97.  As a direct and proximate result of Frayler's conduct, the
     Plaintiffs have suffered harm, entitling them to
     compensatory and punitive damages, costs and attorneys'
     fees.

     **WHEREFORE,** the Plaintiffs, demand judgment against Officer
Michael J. Frayler, pursuant to Count XIII of this complaint,
together with interest, costs of suit, punitive damages,
attorneys fees, and such other relief as allowed by 42 U.S.C.
sec. 1985 or any other relief this Court deems just and
appropriate.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL. (617) 387-3548
FAX. (617) 387-4416

## COUNT XIV
## VIOLATION OF 42 U.S.C. SEC. 1986 v. FRAYLER
## IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

98. The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-97 as if specifically set forth herein.

99. Frayler knew that the conspiracy or conspiracies of the other Defendants, Merry, Lucey, Olson, and Martin were about to be committed, had the power to prevent or aid in preventing the commission of such conspiracy or conspiracies, and failed and neglected to do so.

100. As a direct and proximate result of Frayler's conduct, the Plaintiffs have suffered harm, entitling them to compensatory and punitive damages, costs and attorneys' fees.

**WHEREFORE,** the Plaintiffs, demand judgment against Officer Michael J. Frayler, pursuant to Count XIV of this complaint, together with interest, costs of suit, punitive damages, attorneys fees, and such other relief as allowed by 42 U.S.C. sec. 1986 or any other relief this Court deems just and appropriate.

## COUNT XV
## VIOLATION OF M.G.L. CH. 12, SEC. 11I v. FRAYLER
## IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

101. The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-100 as if specifically set forth herein.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

102.   By engaging in the conduct described above, including but
       not limited to the denial of medical care, conspiracy and
       wrongful death, Frayler has interfered and/or attempted to
       interfere with Schlossberg's and the Plaintiffs' exercise
       and enjoyment of rights secured under the United Sates
       Constitution and the Constitution and laws of the
       Commonwealth of Massachusetts in violation of M.G.L. Ch.
       12, sec. 11I.

103.   As a direct and proximate result of Frayler's actions,
       Schlossberg and the Plaintiffs have been deprived of their
       rights arising under the United States Constitution, the
       Massachusetts Constitution, and M.G.L. Ch. 12, Sec. 11I.

104.   These violations of Schlossberg's and the Plaintiffs' civil
       rights have caused them harm, for which they are entitled
       to compensatory and punitive damages, costs and attorneys'
       fees.

       **WHEREFORE,** the Plaintiffs demand judgment against the
Defendant, Michael J. Frayler, pursuant to Count XV of this
complaint in the amount of:

       a.   Any actual loss suffered as a result of Frayler's acts
            and omissions;

       b.   Any compensatory damages which the Court deems
            appropriate;

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL. (617) 387-3548
FAX: (617) 387-4416

- Page 24 -

c.   Any punitive damages which the Court deems appropriate;

d.   Any costs and attorneys' fees related to this action; and

e.   Any such other relief as this Court deems just and appropriate.

**COUNT XVI**
**WRONGFUL DEATH v. FRAYLER**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES**

105.   The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-104. as if specifically set forth herein.

106.   Frayler was grossly negligent or recklessly indifferent in failing to provide Schlossberg with medical care.

107.   It was reasonably foreseeable that failure to provide medical care to a person in need of such medical care might result in serious harm or death.

108.   Frayler's gross negligence was the direct and proximate cause of Schlossberg's death.

**WHEREFORE,** the Plaintiffs demand judgment against Michael J. Frayler, Jr., pursuant to Count XVI of this complaint in the amount of:

a.   The fair monetary value of the decedent to the Plaintiffs, including but not limited to compensation for the loss of reasonably expected income, services,

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL. (617) 387-3548
FAX. (617) 387-4416

protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent.

b.   The reasonable funeral and burial expenses incurred by the Plaintiffs.

c.   Such punitive damages as the Court deems just and appropriate.

### COUNT XVII
### NEGLIGENCE v. FRAYLER
### IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

109.   The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-108 as if specifically set forth herein.

110.   Frayler owed Schlossberg a duty to exercise reasonable care for her safety while she was in his custody.

111.   Frayler breached that duty by failing to provide medical care to Schlossberg when such medical care was necessary.

112.   It was reasonably foreseeable that the failure to provide necessary medical care to a person in custody might result in serious harm or death to that person.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

113.   Frayler's breach of duty was the direct and proximate cause of Schlossberg's injuries and death.

WHEREFORE, the Plaintiffs, demand judgment against Officer
Michael J. Frayler, pursuant to Count XVII of this complaint,
together with interest, costs of suit, punitive damages,
attorneys fees, and such other relief as this Court deems just
and appropriate.

**COUNT XVIII**
**FAILURE TO PROVIDE MEDICAL CARE AND ATTENTION v. FRAYLER**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES**

114.    The Plaintiffs repeat and reallege the allegations
        contained in Paragraphs 1-113 as if specifically set forth
        herein.

115.    Frayler had a duty to obtain proper medical care and
        attention for Schlossberg while she was in his care and
        custody.

116.    Frayler breached that duty to obtain proper medical care
        and attention for Schlossberg when he failed, neglected or
        refused to seek appropriate and necessary medical treatment
        for Schlossberg.

117.    Frayler's breach of duty was the direct and proximate cause
        of Schlossberg's death.

118.    Schlossberg is entitled to compensatory and punitive
        damages and her costs and attorneys' fees.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

- Page 27 -

**WHEREFORE,** the Plaintiffs, demand judgment against Officer Michael J. Frayler, pursuant to Count XVIII of this complaint, together with interest, costs of suit, punitive damages, attorneys fees, and such other relief as this Court deems just and appropriate.

### COUNT XIX
### VIOLATION OF 42 U.S.C. SEC. 1983 v. OLSON
### IN HER INDIVIDUAL AND OFFICIAL CAPACITIES

119. The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-118 as if specifically set forth herein.

120. At all times relevant hereto, Olson acted under the color of law and with the authority vested in her by the Town of Newbury or otherwise made possible because of the privileges of her employment with the Newbury Police Department.

121. Olson deprived Schlossberg of rights secured or protected by the United States Constitution or law of the United States, including but not limited to:

i.  Schlossberg's Fourteenth Amendment due process liberty rights and equal protection under the law, to be free from cover up, concealment of evidence, and a meaningless investigation of the actions of the officers involved in this case; and

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

ii. Schlossberg's Eighth Amendment right to humane and safe conditions of confinement and right not to be denied or delayed medical care.

122. As a direct of the actions of Olson, Schlossberg was denied and/or deprived of her civil rights under the United States Constitution.

123. These violations of Schlossberg's civil rights caused her wrongful death, entitling the Plaintiffs to any damages allowed under the law.

**WHEREFORE,** the Plaintiffs, demand judgment against Dispatcher/Matron Peggy Olson, pursuant to Count XIX of this complaint, together with interest, costs of suit, punitive damages, attorneys fees, and such other relief as allowed by 42 U.S.C. sec. 1983 or as this Court deems just and appropriate.

**COUNT XX**
**VIOLATION OF 42 U.S.C. SEC. 1985 v. OLSON**
**IN HER INDIVIDUAL AND OFFICIAL CAPACITIES**

124. The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-123 as if specifically set forth herein.

125. Olson conspired with Defendants, Merry, Lucey, Frayler, and Martin to cover up the violations of Schlossberg's civil rights and the negligence of the Newbury Police Department.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4418

126.  Olson committed these acts in furtherance of the conspiracy or conspiracies.

127.  As a direct and proximate result of Olson's conduct, Schlossberg was deprived of her civil rights and immunities secured by the United States Constitution and laws pursuant to 42 U.S.C. sec. 1985.

128.  As a direct and proximate result of Olson's conduct, the Plaintiffs have suffered harm, entitling them to compensatory and punitive damages, costs and attorneys' fees.

WHEREFORE, the Plaintiffs, demand judgment against Dispatcher/Matron Peggy Olson, pursuant to Count XX of this complaint, together with interest, costs of suit, punitive damages, attorneys fees, and such other relief as allowed by 42 U.S.C. sec. 1985 or any other relief this Court deems just and appropriate.

### COUNT XXI
### VIOLATION OF 42 U.S.C. SEC. 1986 v. OLSON
### IN HER INDIVIDUAL AND OFFICIAL CAPACITIES

129.  The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-128 as if specifically set forth herein.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

130.  Olson knew that the conspiracy or conspiracies of the other Defendants, Merry, Lucey, Frayler, and Martin were about to

be committed, had the power to prevent or aid in preventing the commission of such conspiracy or conspiracies, and failed and neglected to do so.

131.    As a direct and proximate result of Olson's conduct, the Plaintiffs have suffered harm, entitling them to compensatory and punitive damages, costs and attorneys' fees.

**WHEREFORE,** the Plaintiffs, demand judgment against Dispatcher/Matron Peggy Olson, pursuant to Count XXI of this complaint, together with interest, costs of suit, punitive damages, attorneys fees, and such other relief as allowed by 42 U.S.C. sec. 1986 or any other relief this Court deems just and appropriate.

**COUNT XXII**
**VIOLATION OF M.G.L. CH. 12, SEC. 11I v. OLSON**
**IN HER INDIVIDUAL AND OFFICIAL CAPACITIES**

132.    The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-131 as if specifically set forth herein.

133.    By engaging in the conduct described above, including but not limited to the denial of medical care, conspiracy and wrongful death, Olson as interfered and/or attempted to interfere with Schlossberg's and the Plaintiffs' exercise and enjoyment of rights secured under the United Sates Constitution and the Constitution and laws of the

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

Commonwealth of Massachusetts in violation of M.G.L. Ch. 12, sec. 11*I*.

134.    As a direct and proximate result of Olson's actions, Schlossberg and the Plaintiffs have been deprived of their rights arising under the United States Constitution, the Massachusetts Constitution, and M.G.L. Ch. 12, Sec. 11*I*.

135.    These violations of Schlossberg's and the Plaintiffs' civil rights have caused them harm, for which they are entitled to compensatory and punitive damages, costs and attorneys' fees.

**WHEREFORE,** the Plaintiffs demand judgment against the Defendant, Peggy Olson, pursuant to Count XXII of this complaint in the amount of:

a.    Any actual loss suffered as a result of Olson's acts and omissions;

b.    Any compensatory damages which the Court deems appropriate;

c.    Any punitive damages which the Court deems appropriate;

d.    Any costs and attorneys' fees related to this action; and

e.    Any such other relief as this Court deems just and appropriate.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

**COUNT XXIII**
**WRONGFUL DEATH v. OLSON**
**IN HER INDIVIDUAL AND OFFICIAL CAPACITIES**

136.    The Plaintiffs repeat and reallege the allegations
        contained in Paragraphs 1-135. as if specifically set forth
        herein.

137.    Olson was grossly negligent or recklessly indifferent in
        failing to provide Schlossberg with medical care.

138.    It was reasonably foreseeable that failure to provide
        medical care to a person in need of such medical care might
        result in serious harm or death.

139.    Olson's gross negligence was the direct and proximate cause
        of Schlossberg's death.

    **WHEREFORE,** the Plaintiffs demand judgment against Peggy
Olson, pursuant to Count XXIII of this complaint in the amount
of:

        a.    The fair monetary value of the decedent to the
              Plaintiffs, including but not limited to compensation
              for the loss of reasonably expected income, services,
              protection, care, assistance, society, companionship,
              comfort, guidance, counsel and advice of the decedent.

        b.    The reasonable funeral and burial expenses incurred by
              the Plaintiffs.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

c.    Such punitive damages as the Court deems just and
appropriate.

### COUNT XXIV
### NEGLIGENCE v. OLSON
### IN HER INDIVIDUAL AND OFFICIAL CAPACITIES

140.    The Plaintiffs repeat and reallege the allegations
contained in Paragraphs 1-139 as if specifically set forth
herein.

141.    Olson owed Schlossberg a duty to exercise reasonable care
for her safety while she was in her custody.

142.    Olson breached that duty by failing to provide medical care
to Schlossberg when such medical care was necessary.

143.    It was reasonably foreseeable that the failure to provide
necessary medical care to a person in custody might result
in serious harm or death to that person.

144.    Olson's breach of duty was the direct and proximate cause
of Schlossberg's injuries and death.

**WHEREFORE,** the Plaintiffs, demand judgment against
Dispatcher/Matron Peggy Olson, pursuant to Count XXIV of this
complaint, together with interest, costs of suit, punitive
damages, attorneys fees, and such other relief as this Court
deems just and appropriate.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

**COUNT XXV**
**FAILURE TO PROVIDE MEDICAL CARE AND ATTENTION v. OLSON**
**IN HER INDIVIDUAL AND OFFICIAL CAPACITIES**

145.   The Plaintiffs repeat and reallege the allegations
       contained in Paragraphs 1-144 as if specifically set forth
       herein.

146.   Olson had a duty to obtain proper medical care and
       attention for Schlossberg while she was in her care and
       custody.

147.   Olson breached that duty to obtain proper medical care and
       attention for Schlossberg when he failed, neglected or
       refused to seek appropriate and necessary medical treatment
       for Schlossberg.

148.   Olson's breach of duty was the direct and proximate cause
       of Schlossberg's death.

149.   Schlossberg is entitled to compensatory and punitive
       damages and her costs and attorneys' fees.

       **WHEREFORE,** the Plaintiffs, demand judgment against
Dispatcher/Matron Peggy Olson, pursuant to Count XXV of this
complaint, together with interest, costs of suit, punitive
damages, attorneys fees, and such other relief as this Court
deems just and appropriate.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL. (617) 387-3548
FAX: (617) 387-4416

**COUNT XXVI**
**VIOLATION OF 42 U.S.C. SEC. 1983 v. MARTIN**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES**

150.    The Plaintiffs repeat and reallege the allegations
        contained in Paragraphs 1-149 as if specifically set forth
        herein.

151.    At all times relevant hereto, Martin acted under the color
        of law and with the authority vested in him by the Town of
        Newbury or otherwise made possible because of the
        privileges of his employment with the Newbury Police
        Department.

152.    Martin deprived Schlossberg of rights secured or protected
        by the United States Constitution or law of the United
        States, including but not limited to:

        i.   Schlossberg's Fourteenth Amendment due process liberty
             rights and equal protection under the law, to be free
             from cover up, concealment of evidence, and a
             meaningless investigation of the actions of the officers
             involved in this case; and

        ii.  Schlossberg's Eighth Amendment right to humane and safe
             conditions of confinement and right not to be denied or
             delayed medical care.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

153.  As a direct of the actions of Martin, Schlossberg was denied and/or deprived of her civil rights under the United States Constitution.

154.  These violations of Schlossberg's civil rights caused her wrongful death, entitling the Plaintiffs to any damages allowed under the law.

     **WHEREFORE,** the Plaintiffs, demand judgment against Officer Michael J. Martin, pursuant to Count XXVI of this complaint, together with interest, costs of suit, punitive damages, attorneys fees, and such other relief as allowed by 42 U.S.C. sec. 1983 or as this Court deems just and appropriate.

## COUNT XXVII
## VIOLATION OF 42 U.S.C. SEC. 1985 v. MARTIN
## IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

155.  The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-154 as if specifically set forth herein.

156.  Martin conspired with Defendants, Merry, Lucey, Olson, and Frayler to cover up the violations of Schlossberg's civil rights and the negligence of the Newbury Police Department.

157.  Martin committed these acts in furtherance of the conspiracy or conspiracies.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL. (617) 387-3548
FAX. (617) 387-4416

158.    As a direct and proximate result of Martin's conduct, Schlossberg was deprived of her civil rights and immunities secured by the United States Constitution and laws pursuant to 42 U.S.C. sec. 1985.

159.    As a direct and proximate result of Martin's conduct, the Plaintiffs have suffered harm, entitling them to compensatory and punitive damages, costs and attorneys' fees.

    **WHEREFORE,** the Plaintiffs, demand judgment against Officer Michael J. Martin, pursuant to Count XXVII of this complaint, together with interest, costs of suit, punitive damages, attorneys fees, and such other relief as allowed by 42 U.S.C. sec. 1985 or any other relief this Court deems just and appropriate.

### COUNT XXVIII
### VIOLATION OF 42 U.S.C. SEC. 1986 v. MARTIN
### IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

160.    The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-159 as if specifically set forth herein.

161.    Martin knew that the conspiracy or conspiracies of the other Defendants, Merry, Lucey, Olson, and Frayler were about to be committed, had the power to prevent or aid in preventing the commission of such conspiracy or conspiracies, and failed and neglected to do so.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

162.  As a direct and proximate result of Martin's conduct, the
      Plaintiffs have suffered harm, entitling them to
      compensatory and punitive damages, costs and attorneys'
      fees.

      **WHEREFORE,** the Plaintiffs, demand judgment against Officer
Michael J. Martin, pursuant to Count XXVIII of this complaint,
together with interest, costs of suit, punitive damages,
attorneys fees, and such other relief as allowed by 42 U.S.C.
sec. 1986 or any other relief this Court deems just and
appropriate.

### COUNT XXIX
### VIOLATION OF M.G.L. CH. 12, SEC. 11I v. MARTIN
### IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

163.  The Plaintiffs repeat and reallege the allegations
      contained in Paragraphs 1-162 as if specifically set forth
      herein.

164.  By engaging in the conduct described above, including but
      not limited to the denial of medical care, conspiracy and
      wrongful death, Martin has interfered and/or attempted to
      interfere with Schlossberg's and the Plaintiffs' exercise
      and enjoyment of rights secured under the United Sates
      Constitution and the Constitution and laws of the
      Commonwealth of Massachusetts in violation of M.G.L. Ch.
      12, sec. 11I.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4419

165.  As a direct and proximate result of Martin's actions, Schlossberg and the Plaintiffs have been deprived of their rights arising under the United States Constitution, the Massachusetts Constitution, and M.G.L. Ch. 12, Sec. 11I.

166.  These violations of Schlossberg's and the Plaintiffs' civil rights have caused them harm, for which they are entitled to compensatory and punitive damages, costs and attorneys' fees.

**WHEREFORE,** the Plaintiffs demand judgment against the Defendant, Michael J. Martin, pursuant to Count XXIX of this complaint in the amount of:

a.  Any actual loss suffered as a result of Martin's acts and omissions;

b.  Any compensatory damages which the Court deems appropriate;

c.  Any punitive damages which the Court deems appropriate;

d.  Any costs and attorneys' fees related to this action; and

e.  Any such other relief as this Court deems just and appropriate.

### COUNT XXX
### WRONGFUL DEATH v. MARTIN
### IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL. (617) 387-3548
FAX. (617) 387-4416

167.  The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-166. as if specifically set forth herein.

168.   Martin was grossly negligent or recklessly indifferent in failing to provide Schlossberg with medical care.

169.   It was reasonably foreseeable that failure to provide medical care to a person in need of such medical care might result in serious harm or death.

170.   Martin's gross negligence was the direct and proximate cause of Schlossberg's death.

**WHEREFORE,** the Plaintiffs demand judgment against Michael J. Martin, pursuant to Count XXX of this complaint in the amount of:

a.   The fair monetary value of the decedent to the Plaintiffs, including but not limited to compensation for the loss of reasonably expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent.

b.   The reasonable funeral and burial expenses incurred by the Plaintiffs.

c.   Such punitive damages as the Court deems just and appropriate.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

### COUNT XXXI
### NEGLIGENCE v. MARTIN
### IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

171.   The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-170 as if specifically set forth herein.

172.   Martin owed Schlossberg a duty to exercise reasonable care for her safety while she was in his custody.

173.   Martin breached that duty by failing to provide medical care to Schlossberg when such medical care was necessary.

174.   It was reasonably foreseeable that the failure to provide necessary medical care to a person in custody might result in serious harm or death to that person.

175.   Martin's breach of duty was the direct and proximate cause of Schlossberg's injuries and death.

**WHEREFORE,** the Plaintiffs, demand judgment against Officer Michael J. Martin, pursuant to Count XXXI of this complaint, together with interest, costs of suit, punitive damages, attorneys fees, and such other relief as this Court deems just and appropriate.

## COUNT XXXII
## FAILURE TO PROVIDE MEDICAL CARE AND ATTENTION v. MARTIN
## IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

176.   The Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-175 as if specifically set forth herein.

177.  Martin had a duty to obtain proper medical care and
      attention for Schlossberg while she was in his care and
      custody.

178.  Martin breached that duty to obtain proper medical care and
      attention for Schlossberg when he failed, neglected or
      refused to seek appropriate and necessary medical treatment
      for Schlossberg.

179.  Martin's breach of duty was the direct and proximate cause
      of Schlossberg's death.

180.  Schlossberg is entitled to compensatory and punitive
      damages and her costs and attorneys' fees.

     **WHEREFORE,** the Plaintiffs, demand judgment against Officer
Michael J. Martin, pursuant to Count XXXII of this complaint,
together with interest, costs of suit, punitive damages,
attorneys fees, and such other relief as this Court deems just
and appropriate.

Dated: 12/20/04            Respectfully submitted,
                           Estate of Faye Schlossberg,
                           By its attorney,

                           Michael D. Rubenstein, Esq.
                           1725 Revere Beach Parkway
                           Everett, MA  02149
                           (617) 387-3548
                           B.B.O. #545358

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL. (617) 387-3548
FAX: (617) 387-4416

# ~IVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Marilyn Schlossberg, Administratrix
Estate of Faye Schlossberg, et al

## DEFENDANTS

Town of Newbury, et al

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael D. Rubenstein
1125 Revere Beach Parkway
Everett, MA 02149

ATTORNEYS (IF KNOWN)

04 12700 RCL

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL INJURY** ☐ 362 Personal Injury — Med. Malpractice | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐ 365 Personal Injury — Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **CIVIL RIGHTS** | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 790 Other Labor Litigation | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 791 Empl. Ret. Inc Security Act | | |
| ☐ 290 All Other Real Property | **PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence **HABEAS CORPUS:** ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC 1983, 1985, 1988 wrongful death while in police custody - violation
of civil rights of decedent

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S)    (See instructions):
IF ANY

JUDGE _____    DOCKET NUMBER _____

DATE
12 23 04

SIGNATURE OF ATTORNEY OF RECORD
Michael S. Rubenstein

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Schlossberg v. Town of_ _Newbury, et al_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    X    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

04 12700 RCL

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                              YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                              YES        (NO)

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                              YES        (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                              YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                              (YES)      NO

    A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

         (EASTERN DIVISION)              CENTRAL DIVISION              WESTERN DIVISION

    B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
         GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

         EASTERN DIVISION                CENTRAL DIVISION              WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Michael L. Rubenstein

ADDRESS   1725 Revere Beach Parkway, Everett, MA 02149

TELEPHONE NO.   (617) 387-3545

(Cover sheet local.wpd - 11/27/00)