UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12700 RCL

| | |
|---|---|
| MARILYN SCHLOSSBERG AS ADMINISTRATRIX OF THE ESTATE OF FAYE SCHLOSSBERG, MARILYN SCHLOSSBERG, INDIVIDUALLY, ROBERT S. SCHLOSSBERG, INDIVIDUALLY AND ALAN G. SCHLOSSBERG, INDIVIDUALLY<br>PLAINTIFFS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| VS. | )<br>) |
| TOWN OF NEWBURY, ROGER MERRY, CHIEF OF POLICE IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, JOHN R. LUCEY, JR., IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, MICHAEL J. FRAYLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, PEGGY OLSON, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES, AND KEVIN MARTIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES<br>DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT KEVIN MARTIN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED.R.CIV.P.12(B)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Kevin Martin ("Officer Martin"), hereby moves this Court to dismiss Counts XXVI through XXIX as Officer Martin is protected from suit by the doctrine of qualified immunity. In addition, Officer Martin moves this Court to dismiss Counts XXVI through XXIX wholly as Plaintiffs fail to state a cause of action on which relief may be granted, and Counts XXVI through XXXII in part to the extent that Plaintiffs

Marilyn Schlossberg, Robert Schlossberg and Alan Schlossberg, Individually (collectively "Individual Plaintiffs"), are unable to pursue a cause of action against Officer Martin.

## I.  BACKGROUND

This is a civil rights case with pendent state law claims arising out of the death of Faye Schlossberg. Plaintiffs Marilyn Schlossberg (Individually and as Administratrix), Robert Schlossberg and Alan Schlossberg (collectively "Plaintiffs") allege that on or about December 21, 2001, Ms. Schlossberg was involved in a single car accident when her vehicle, which she was driving, went off the road and struck a utility pole. Complaint ¶11. After police arrived to the scene, Ms. Schlossberg was placed under arrest and transported to the Newbury police station for suspicion of operating under the influence. *Id.* at ¶13. Officer Martin, a police officer for the Town of Newburyport, was requested by the Newbury Police Department to observe Ms. Schlossberg. *See id.* at ¶18. During the booking procedure, Officer Martin observed Ms. Schlossberg and determined that she was under the influence of narcotics. *Id.* at 22. Sometime thereafter, Ms. Schlossberg was placed in a cell at the Newbury police department. *See id.* at 23. At some point, Ms. Schlossberg's heart and respiration stopped. She was taken to the hospital, but was in a coma on arrival. Ms. Schlossberg died on December 26, 2001. *See id.* at 29-30.

On or about December 20, 2004, the Plaintiffs instituted this action by way of a thirty-two count Complaint alleging that Plaintiffs suffered injuries and sustained damages as a result of the death of Faye Schlossberg. Marilyn and Robert Schlossberg are the surviving parents of Faye Schlossberg. Robert Schlossberg is the surviving brother of Faye Schlossberg. Prior to her death, she resided in the Town of Newbury, Massachusetts. Complaint at ¶1. Her mother and brother currently reside in Las Vegas, Nevada. *Id.* at ¶¶ 2, 4. Her father resides in West Palm Beach, Florida. *Id.* at 3.

Plaintiffs assert Counts XXVI through XXXII solely against Officer Martin in his individual and official capacities. There are no other counts applicable to Officer Martin. Officer Martin hereby moves to dismiss Counts XXVI through XXIX wholly as Plaintiffs fail to state a viable cause of action, and Counts XXVI through XXXII in part to the extent that the mother, father and brother of Faye Schlossberg are unable to pursue a cause of action against Officer Martin.

## II.     STANDARD FOR GRANTING MOTION TO DISMISS

To survive this Motion, Plaintiffs must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Shabazz v. Cole*, 69 F. Supp. 2d 177, 186 (D. Mass. 1999). The Court must dismiss Plaintiffs' claims where it is clear, according to the facts alleged, that Plaintiffs cannot recover on any viable theory. While the Court "must give credence to all well-pleaded facts and indulge all reasonable inferences that fit [Plaintiffs'] stated theor[ies] of liability," it need not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999) (citations and quotation marks omitted), quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (deferential standard does not force court to swallow plaintiffs' "invective hook, line and sinker").

## III.    LEGAL ANALYSIS

### A.     Count XXVI: Plaintiffs fail to allege that Officer Martin engaged in conduct which violated some cognizable constitutional right of Faye Schlossberg as required by §1983.

In Count XXVI, Plaintiffs seek redress under 42 U.S.C. §1983, which provides a civil cause of action "when an individual, acting under color of state law, deprives a person of federally assured rights." *See LeBeau v. Town of Spencer*, 167 F. Supp. 2d 449, 453 (D. Mass

3

2001). In support of their claim, Plaintiffs allege that Officer Martin violated Faye Schlossberg's Eighth and Fourteenth Amendment rights. Complaint ¶152. However, Count XXVI must be dismissed because the Complaint fails to set forth conduct by Officer Martin which constitutes a denial of any recognized right under the Constitution or federal law.

    1    <u>Eighth Amendment</u>

"In order to state a cognizable [Eighth Amendment] claim, [Plaintiffs] must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Navedo v. Maloney*, 172 F. Supp. 2d 276, 283 (D. Mass. 2001), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "In order to establish deliberate indifference, [Plaintiffs] must prove that [Officer Martin] had a culpable state of mind and intended wantonly to inflict pain. *Snell v. DeMello*, 44 F. Supp. 2d 386, 394-95 (D. Mass. 1999) (requisite state of mind may be manifested by response to known needs). *See Farmer v. Brennan*, 511 U.S. 825, 825 (1994) (deliberate indifference occurs where official knows detainee faces "substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"). "Mere negligence or medical malpractice on the part of prison doctors or officials, however, is not sufficient to establish an Eighth Amendment violation." *Navedo v. Maloney*, 172 F. Supp. 2d at 283. Thus, to state a claim pursuant to the Eighth Amendment, Plaintiffs must, at a minimum, allege that (1) Officer Martin had actual knowledge of Faye Schlossberg's need for medical attention, and (2) despite that knowledge, he acted with deliberate indifference in not obtaining care. *See id.*

First, the Complaint fails to allege that Officer Martin knew of Ms. Schlossberg's need of medical care at any point in time. *Farmer v. Brennan*, 511 U.S. at 825. Instead, the crux of Plaintiffs' claim is that Officer Martin "negligently failed to" recognize that Ms. Schlossberg was in need of care during his observation of her. *See* Complaint ¶¶ 18-22. There is no allegation

4

that Ms. Schlossberg requested medical attention. Nor is there any allegation that, based on the car accident, drug impairment or otherwise, Officer Martin should have known that Ms. Schlossberg actually needed medical care. *See generally* Complaint. *See also Navedo v. Maloney*, 172 F. Supp. 2d at 284 (need must be so obvious that even lay person would easily recognize necessity for medical attention).

Second, and most importantly, the Complaint does not allege conduct by Officer Martin which rises to the level of deliberate indifference required to sustain a claim.[1] At most, the Complaint alleges that Officer Martin was negligent in his observation of Ms. Schlossberg during booking procedures. *See* Complaint ¶¶ 18-22. Of significance, "the Eighth Amendment outlaws cruel and unusual 'punishments,' not 'conditions,' and the failure to alleviate a significant risk that an official should have perceived but did not ... cannot be condemned as the infliction of punishment." *Farmer v. Brennan*, 511 U.S. at 826. Accordingly, such a failure to perceive does not violate the Eighth Amendment. Plaintiffs acknowledge that Officer Martin did in fact make "a determination" with respect to Ms. Schlossberg's physical condition. *See* Complaint at ¶22. Consequently, Officer Martin's alleged mistaken determination does not support a claim pursuant to §1983. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (complaint that physician was negligent in diagnosing or treating a medical condition does not state valid Eighth Amendment claim); *see also Snell v. DeMello*, 44 F. Supp. 2d at 396 ("Inadvertent

---

[1] The Complaint describes Officer Martin's role in this matter as follows: "During the booking procedure, Martin came to the Newbury Police station, and acting as an agent of the Newbury Police Department, *negligently* conducted an unlicensed medical examination of Schlossberg. Upon information and belief, Martin is not a licensed physician in the Commonwealth of Massachusetts. During his negligent and unlicensed medical examination of Schlossberg, Martin *negligently* failed to diagnose that she was in need of immediate medical attention. Schlossberg was denied necessary medical attention as a result of the *negligence* of the Defendants in violation of her constitutional rights. Martin *negligently* diagnosed Schlossberg as being under the influence of narcotics, but made a determination that despite that diagnosis that she did not need to be examined by qualified medical personnel." Complaint ¶¶ 18-22 (emphasis added).

5

failures to provide medical care, even if negligent, do not sink to the level of deliberate indifference").

2.  Fourteenth Amendment

With respect to the conduct of Officer Martin, the Complaint does not set forth a violation of any recognized liberty interest. Thus, Plaintiffs have also failed to allege facts sufficient to support a finding that Officer Martin deprived Faye Schlossberg of liberty without due process of law.

First, the underlying cause of action in this matter is the death of Ms. Schlossberg which Plaintiffs allege generally occurred due to a failure to provide medical attention. In an effort to sustain the §1983 claim against Officer Martin, the Complaint generally asserts that Ms. Schlossberg's due process liberty rights were violated by conduct occurring subsequent to her death. *See* Complaint ¶152. However, the allegations that Officer Martin engaged in a conspiracy to cover-up the facts surrounding Ms. Schlossberg's death do not constitute a Fourteenth Amendment violation. *See Roberts v. Murphy*, 684 F. Supp. 759, 762 (D. Mass. 1988) (dismissal as conspiracy to cover-up police assault itself is not actionable under §1983); *Williams v. City of Boston*, 784 F.2d 430, 435 (1st Cir. 1986) (dismissal as alleged cover-up after shooting at high school football game does not constitute deprivation of constitutionally protected liberty interest). Moreover, Plaintiffs have not and cannot allege that Ms. Schlossberg was "denied access to the courts as a result of the alleged cover-up." *See Williams v. City of Boston*, 784 F.2d at 435.

Further, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss or injury to life, liberty, or property." *Id.* at 434. As in *Williams*,

"[s]ignificant omissions from the Complaint confirm that [Plaintiffs] allege nothing more than simple negligence" against Officer Martin. *See supra* Section III(A)(1).

Thus, because Plaintiffs fail to set forth allegations satisfying the elements of any cognizable Eighth or Fourteenth Amendment claim against Officer Martin, Count XXVI must be dismissed. *See Williams v. City of Boston*, 784 F.2d at 433 (§1983 only provides means to redress violations of rights secured by federal law).

**B.   Count XXVII: There is no class-based, invidiously discriminatory animus as required by 42 U.S.C. §1985.[2]**

In Count XXVII, Plaintiffs allege that Officer Martin engaged in a conspiracy "to cover up the violation's of [Faye] Schlossberg's civil rights and the negligence of the Newbury Police Department," in violation of 42 U.S.C. §1985. *See* Complaint ¶¶ 156-158. However, Plaintiffs fail to state a cause of action under 42 U.S.C. §1985 because subsection (3) requires a "'class-based, invidiously discriminatory animus.'" *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267 (1993) (discriminatory intent required; mere discriminatory effect is insufficient), quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see Donahue v. City of Boston*, 304 F.3d 110, 122 (1st Cir. 2002); *Aulson v. Blanchard*, 83 F.3d at 3; *Baxter v. Conte*, 190 F. Supp. 2d 123, 129 (D. Mass. 2001); *Lowden v. William M. Mercer, Inc.*, 903 F. Supp. 212, 218 (D. Mass. 1995). Further, the conspiracy must be purposefully aimed at depriving the asserted class of its constitutional rights. *Id.*

---

[2] 42 U.S.C. §1985 provides, in relevant part:

> (3) If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws ... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

7

The Complaint is void of any fact or allegation that Officer Martin acted with the intent to discriminate against Faye Schlossberg based on her membership in a defined class. There is no assertion that Faye Schlossberg was a member of a class acknowledgeable under the circumstances. Nor is there any indication that the alleged conspiracy was purposefully aimed at depriving a particular class of its constitutional rights. *See generally* Complaint. Thus, Count XXVII must be dismissed.[3]

**C.     Count XXVIII: There is no class-based, invidiously discriminatory animus as required pursuant to 42 U.S.C. §1985. Further, Plaintiffs failed to bring their 42 U.S.C. §1986 claim within the applicable one year statue of limitations.**

In Count XXVIII, Plaintiffs allege that Officer "Martin knew that the conspiracy or conspiracies of the other Defendants . . . were about to be committed, had the power to prevent or aid in preventing the commission of such conspiracies, and failed and neglected to do so." Complaint ¶161. However, Plaintiffs' claim pursuant to 42 U.S.C. §1986 must be dismissed for two reasons.

First, 42 U.S.C. §1986 "provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *See Lowden*, 903 F. Supp. at 219, quoting *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979). "A prerequisite for a claim under [§1986] is the existence of a conspiracy actionable under [§1985]." *Id.* at 218; *see Morgan v. Driscoll*, No. 9810766RWZ, 2002 WL 15695, *5 (D. Mass. Jan. 2, 2002) (where plaintiff fails to state claim for conspiracy under §1985, "there can be no corresponding claim for failure to

---

[3] Moreover, any attempt by Plaintiffs to save Count XXVII by arguing violations of §1985 subsections (1) and (2) would be to no avail. The Complaint is void of any interpretation suggesting that Officer Martin employed the use of "force, intimidation, or threat" with respect to the alleged conspiracy, as *required* by subsection (1) and the first part of subsection (2). *See infra* Section III(D) (discussing absence of threats, intimidation or force in Complaint). *See also Hahn v. Sargent*, 523 F.2d 461, 469 (1st Cir. 1975) (distinguishing part of subsection (2) preceding semicolon from part following semicolon). As discussed above, the Complaint is void of any facts evidencing a class-based, invidiously discriminatory animus. Therefore, Plaintiffs cannot survive dismissal by asserting violations of the second part of subsection (2). *Id.* (class-based discriminatory animus required under §1985(3) as well as second part of §1985(2)).

prevent that conspiracy under [§1986]"). As discussed in the foregoing section, Plaintiffs do not set forth any allegations which fall within the ambit of the type of conspiracy actionable pursuant to §1985. *See supra* Section III(B). Therefore, Count XXVIII must be dismissed. *See Hahn v. Sargent*, 523 F.2d at 470 (dismissal of §1986 claim fell upon rejection of §1985 claims).

Second, the last sentence of §1986 states that "no action under the provisions of this section shall be sustained which is not commenced within *one year* after the cause of action has accrued." (Emphasis added). As Plaintiffs filed their Complaint on December 20, 2004, Plaintiffs' §1986 claim must have accrued on or after December 20, 2003. Plaintiffs allege no overt acts committed by Officer Martin after December 20, 2003. *See Cullen v. City of Boston*, No. 86-1499-MC, 1988 WL 141056 (D. Mass. Dec. 27, 1988) (cause of action for conspiracy accrues at time of each overt act, and does not accrue only when final overt act takes place). As a result, Count XXVIII must be dismissed because Plaintiffs failed to commence this action within one year after the accrual of the asserted conspiracy claim.

**D.    Count XXIX: The Complaint is void of any allegations of threats, intimidation or coercion by Officer Martin, as required by M.G.L. c. 12, §§ 11H, 11I.**

In Count XXIX, Plaintiffs allege that Officer Martin interfered with Plaintiffs' rights, as well as the rights of Faye Schlossberg, in violation of M.G.L. c. 12, §11I, by engaging in conduct which includes a "denial of medical care, conspiracy and wrongful death." Complaint ¶164. In order to support this claim, Plaintiffs must set forth interference by way of "threats, intimidation, or coercion." *See* M.G.L. c. 12, §§ 11H, 11I; *see also Sietins v. Joseph*, 238 F. Supp. 2d 366, 378 (D. Mass. 2003) ("derogation of secured rights must occur by threats, intimidation or coercion"), quoting *Bally v. Northeastern Univ.*, 403 Mass. 713, 718 (1989). However, Plaintiffs do not allege any facts which amount to threats, intimidation and/or coercion of any form by Officer Martin. In fact, the Complaint lacks even a conclusory allegation that Officer Martin acted by

9

way of threats, intimidation or coercion. *See Canney v. City of Chelsea*, 925 F. Supp. 58, 68, 70 (D. Mass. 1996) (M.G.L. c. 12, §§ 11H, 11I, claims dismissed where plaintiff failed to allege threats, intimidation or coercion necessary to state such claim). Thus, because there is no claim of threat, intimidation or coercion against Officer Martin, Count XXIX must be dismissed.[4]

E. **All Counts against Officer Martin by the Individual Plaintiffs must be dismissed.**

>   1. Count XXVI: The Individual Plaintiffs do not have standing to pursue a §1983 claim against Officer Martin for the alleged violations of Faye Schlossberg's civil rights, nor do they assert cognizable personal constitutional claims.[5]

In support of their §1983 claim, Plaintiffs expressly allege that Officer Martin violated *Faye Schlossberg's* Fourteenth and Eighth Amendment rights. Complaint ¶152. However, it appears that Plaintiffs Marilyn Schlossberg, Robert Schlossberg and Alan Schlossberg may also seek relief pursuant to §1983, in their Individual capacities. With respect to the Individual Plaintiffs' inability to do so, two points are significant.

First, "only the person toward whom the state action was directed, and not those incidentally affected may maintain a §1983 claim." *Manarite v. City of Springfield*, 957 F.2d 953, 960 (1st Cir. 1992), quoting *Ortiz v. Burgos*, 807 F.2d 6, 8 (1st Cir. 1986). Thus, the

---

[4] While Plaintiffs' Complaint only references M.G.L. c. 12, §11I, which does not expressly include the phrase "by threats, intimidation or coercion," the cited provision requires conduct as described in M.G.L. c. 12, §11H, which does require interference or an attempted interference "by threats, intimidation or coercion." Of significance, the SJC has defined "threat" as involving "an intentional exertion of pressure to make another fearful of injury or harm," "intimidation" as "putting in fear for the purpose of compelling or deterring conduct," and "coercion" as involving "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." *See Anderson v. Boston School Comm.*, 105 F.3d 762, 766 (1st Cir. 1997), quoting *Planned Parenthood League of Mass. v. Blake*, 417 Mass. 467, 474 (1994). Based on these definitions, Plaintiffs allegations of negligence, gross negligence and deliberate indifference do not support their claim pursuant to M.G.L. c. 12, §11I. Moreover, while Plaintiffs allege that Officer Martin engaged in conspiratorial conduct, such allegations do not set forth any indicia of threat, intimidation or coercion.

[5] Because the claims pursuant to §1985, §1986, and M.G.L. c. 12, §§11H, 11I, must be dismissed based on the foregoing discussion, Officer Martin does not specifically address Counts XXVII, XXVIII or XXIX in this section. However, the following discussion applies with equal force to said claims.

Individual Plaintiffs do not have standing to recover for any alleged violations of *Faye Schlossberg's* constitutional rights. *See Natriello v. Flynn*, 837 F. Supp. 17, 19 (D. Mass. 1993) (relative may bring §1983 claim *on decedent's behalf*, but relative may not bring personal claim under §1983 for death of relative).

Second, the Complaint fails to set forth conduct by Officer Martin which constitutes a denial of any recognized right which the Individual Plaintiffs may have under the Constitution or federal law. *See supra* Section III. With respect to occurrences subsequent to the death of Ms. Schlossberg, the Individual Plaintiffs again fail to allege that they were deprived of their "right of access to the courts," or that they are actually entitled to access the courts. *Id. See infra* Section III(E)(2) (Massachusetts law does not provide cause of action for Individual Plaintiffs). *See Williams v. City of Boston*, 784 F.2d at 435 (no constitutional right to have defendants disclose details of shooting involving one's child; no constitutional right to be free from emotional distress; even if there were a constitutional right to associate with one's child, alleged cover-up does not affect familial association).

Further, to the extent that the Individual Plaintiffs seek damages for the fact of Ms. Schlossberg's death, they are unable to do so pursuant to §1983. This Court has expressly stated that "in the context of a wrongful death action, family members do not have a constitutionally protected liberty interest in familial companionship which is actionable under §1983." *Quintana v. Zangari*, No. 86-3538-N, 1987 WL 14924, *2 (D. Mass. June 11, 1987) (citations omitted). *See Manarite v. City of Springfield*, 957 F.2d at 960 (dismissing §1983 claim by daughter of decedent as no liberty interest in familial relationship with father where no evidence to draw inference that defendants' failure to take measures to prevent detainee's suicide was directly aimed at severing or affecting parent-child relationship), citing *Ortiz v. Burgos*, 807 F.2d 6.

11

Thus, to the extent that it involves a claim for relief by the surviving Individual Plaintiffs, Count XXVI must be dismissed. *See Quintana v. Zangari*, 1987 WL 14924, at *4 (dismissing §1983 claims of wife and children for alleged unlawful arrest and beating of husband/father).

2. Count XXX: The Individual Plaintiffs do not have standing to pursue a wrongful death action against Officer Martin for the death of Faye Schlossberg.

Pursuant to M.G.L. c. 229, §2, damages for wrongful death "shall be recovered in an action of tort by the executor or administrator of the deceased." *See Harding v. DeAngelis*, 39 Mass. App. Ct. 455, 456 (1995) (wrongful death action may not be maintained by persons entitled recovery, but only by decedent's executor or administrator). Additionally, the statute expressly provides for the damages sought by the Individual Plaintiffs.[6] Thus, the Individual Plaintiffs lack standing to pursue a claim against Officer Martin for the alleged wrongful death of Faye Schlossberg.

**F. Officer Martin is protected by the doctrine of qualified immunity.**

Under the doctrine of qualified immunity "'[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mihos v. Swift*, 358 F.3d 91, 101-02 (1st Cir. 2004), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine protects such public officials so that they may act freely "without fear of retributive suit for damages except when they should have understood that particular conduct was unlawful." *Limone v. Condon*, 372 F.3d

---

[6] Damages provided through M.G.L. c. 229, §2, include "(1) the fair monetary value of the decedent to [her next of kin including] compensation for loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to [her next of kin]; (2) the reasonable funeral and burial expenses of the decedent; [and] (3) punitive damages ... in such case as the decedent's death was caused by the malicious, willful, wanton or reckless conduct of the defendant or by the gross negligence of the defendant."

39, 44 (1st Cir. 2004), citing *Davis v. Scherer*, 468 U.S. 183, 195 (1984). "[T]he qualified immunity defense should prevail unless the unlawfulness of the challenged conduct was "apparent" when undertaken." *Id.*, citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Of significance, "qualified immunity is 'immunity from suit rather than a mere defense to liability.'" *Medeiros v. Town of Dracut*, 21 F. Supp. 2d 82, 89 (D. Mass. 1998), quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). To avoid unnecessary litigation, applicability of qualified immunity should be decided "at the earliest possible stage of litigation." *See id.*, citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

The First Circuit employs a three-part inquiry to determine whether a public official is entitled to qualified immunity. The Court must consider, sequentially,

> (i) whether the plaintiff's allegations, if true, establish a constitutional violation;
> (ii) whether the constitutional right at issue was clearly established at the time of the putative violation;[7] and (iii) whether a reasonable officer, situated similarly to the defendant, would have understood the challenged act or omission to contravene the discerned constitutional right.[8] *Limone v. Condon*, 372 F.3d at 44, referencing *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Mihos v. Swift*, 358 F.3d at 102.

The first two inquiries must be answered affirmatively before the Court addresses "the particular conduct in question." *Kelley v. LaForce*, 288 F.3d 1, 6 (1st Cir. 2002) (citations omitted); *see Limone v. Condon*, 372 F.3d at 44 (first inquiry requires a constitutional violation). Thus, where

---

[7] As the Plaintiff seeks retribution under both federal and state law, the applicable constitutional standards should be considered with their respective claims.

[8] "The threshold question in a qualified immunity [defense] centers on the current state of the law." *Limone v. Condon*, 372 F.3d at 44. "[T]his question asks whether the facts alleged, viewed in the light most favorable to the complaining party, show that the officer's conduct violated some constitutional right." *Id.*, citing *Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991). "The second question ... asks whether the state of the law at the time of the putative violation afforded the defendant fair warning that his or her conduct was unconstitutional." *Id.* at 45. The final inquiry depends on the facts of the case – "whether it would have been clear to an objectively reasonable official, situated similarly to [the individual defendants], that the actions taken or omitted contravened the clearly established right." *Id.* at 48.

(there is no constitutional violation, the court need not reach the third inquiry which is typically reserved for the trier of fact. *Id.* *See Corbin v. City of Springfield*, 942 F. Supp. 721, 725 (D. Mass. 1996) (constitutional significance of defendant's action is at issue, not whether behavior reflected bad judgment or negligence). It follows that because the threshold determination requires deprivation of a right secured by the Constitution, dismissal is appropriate where Plaintiffs fail to allege a cognizable violation. *See id.* at 6-7. *See also supra* Section III (A)-(D). Thus, because Plaintiffs in the case at bar fail to allege that Officer Martin engaged in conduct which deprived Ms. Schlossberg and/or the Individual Plaintiffs of some cognizable constitutional right, Officer Martin is entitled to qualified immunity and is therefore shielded from liability. As a result, Counts XXVI through XXIX must be dismissed. *See Hague v. CompUSA, Inc.*, No. 02-10345-RWZ, 2003 WL 117986, *1 (D. Mass. Jan. 13, 2003) (where defendants had probable cause to arrest plaintiff they were protected by doctrine of qualified immunity from state and federal civil rights claims).

Finally, pursuant to the Massachusetts Tort Claims Act, Officer Martin is immune from state law claims. *See Carapellucci v. Town of Winchester*, 717 F. Supp. 611, 622 (D. Mass. 1989). Specifically, M.G.L. c. 258, §2, provides that "a public employee is not liable for 'personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment.'" *Id.*

14

IV.  CONCLUSION

WHEREFORE, Defendant Kevin Martin requests that his Motion to Dismiss be granted.

KEVIN MARTIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES
By His Attorneys,

_____
John A. Kiernan (BBO #271020)
Kenneth H. Naide (BBO #643213)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

DATED:  March 28, 2005

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been mailed, this 28 day of March, 2005 to all counsel of record.

Attorney Michael D. Rubenstein
1725 Revere Beach Parkway
Everett, MA 02149

John J. Lang
220 Broadway, Suite 105
Lynnfield, MA 01940

_____
Kenneth H. Naide