UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12700 RCL

| | |
|---|---|
| MARILYN SCHLOSSBERG                                    ) | |
| AS ADMINISTRATRIX OF THE ESTATE OF ) | |
| FAYE SCHLOSSBERG, MARILYN                        ) | |
| SCHLOSSBERG, INDIVIDUALLY,                        ) | |
| ROBERT S. SCHLOSSBERG, INDIVIDUALLY) | |
| AND ALAN G. SCHLOSSBERG,                            ) | |
| INDIVIDUALLY                                                      ) | |
|         PLAINTIFFS                                                 ) | |
|                                                                              ) | |
| VS.                                                                        ) | |
|                                                                              ) | |
| TOWN OF NEWBURY, ROGER MERRY,          ) | |
| CHIEF OF POLICE IN HIS INDIVIDUAL AND) | |
| OFFICIAL CAPACITIES, JOHN R. LUCEY,    ) | |
| JR., IN HIS INDIVIDUAL AND OFFICIAL      ) | |
| CAPACITIES, MICHAEL J. FRAYLER, IN     ) | |
| HIS INDIVIDUAL AND OFFICIAL                    ) | |
| CAPACITIES, PEGGY OLSON, IN HER          ) | |
| INDIVIDUAL AND OFFICIAL CAPACITIES, ) | |
| AND KEVIN MARTIN, IN HIS INDIVIDUAL  ) | |
| AND OFFICIAL CAPACITIES                           ) | |
|         DEFENDANTS                                            ) | |
|                                                                              ) | |

**DEFENDANT KEVIN MARTIN'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION
FOR RECONSIDERATION**

Defendant Kevin Martin ("Officer Martin") hereby opposes plaintiffs, Marilyn

Schlossberg, et al's "motion for reconsideration" of this Court's allowance of Officer Martin's

Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) on May 31, 2005.[1] Officer Martin filed his

Motion to Dismiss on March 28, 2005. The plaintiffs attempted to file an opposition on May 24,

---

[1] On this date, the Court granted Officer Martin's Motion to Dismiss Counts XXVI, XXVII, XXVIII and XXIX. On June 1, 2005, this Court entered a second order dismissing Counts XXX, XXXI and XXXII because it declined to exercise supplemental jurisdiction.

2005; however, it was returned as untimely filed. Although the plaintiffs' motion for reconsideration does not specifically invoke Fed.R.Civ.P. 59(e), this Court should review the motion under Rule 59(e) since the Court relied *solely* on substantive legal grounds for allowing Officer Martin's Motion to Dismiss and the Court's order clearly did not state that Officer Martin's Motion to Dismiss was allowed because the plaintiffs failed to file a timely opposition. Therefore, the plaintiffs' motion to reconsider is untimely. Alternatively, even if the Court reviews the plaintiffs' motion under Fed.R.Civ.P. 60(b), the plaintiffs' argument and affidavit do not present any exceptional circumstances warranting relief under Fed.R.Civ.P. 60(b).

## ARGUMENT

### I.   The Plaintiffs' Motion For Reconsideration Is Untimely Under Fed.R.Civ.P. 59(e).

Massachusetts federal courts treat a motion for reconsideration of a judgment as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) where the petition for reconsideration seeks to set aside the judgment of dismissal as legally erroneous. Feinstein v. Moses, d/b/a Sun-Cal. Products, 951 F.2d 16, 19 (1st. Cir. 1991); Solomon v. Raytheon Company, 230 F.3d 1347, **1 (1st. Cir. 2000); Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 386, 389 (1st. Cir. 1994); Wickstrom v. Castonguary, 2001 WL 1346183, *2 (Mass.App.Div. 2001). According to Federal Rule of Civil Procedure 59(e), "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

In Feinstein, the district court granted the defendant's motion to dismiss on October 16, 1990. Id. at 18. The plaintiff then filed a motion to enlarge the time for filing a motion for reconsideration on November 8, 1990, which was granted a week later. Id. The Court of Appeals for the First Circuit held that the order granting the motion to enlarge the time for filing the

plaintiff's motion for reconsideration was improper as the plaintiff "had until October 30, 1990 to serve a timely motion for reconsideration of the October 16 judgment." Id. at 19. The First Circuit held that the plaintiff had until October 30, 1990, to file his motion for reconsideration based on the ten-day time period in which to file a motion for reconsideration pursuant to Rule 59(e); the ten-day time period does not include weekends. Id. Therefore, since the plaintiff did not file his motion for reconsideration of the order granting the motion to dismiss within 10 days after that order was granted, his motion for reconsideration should have been denied. Id.

As stated above, this Court's orders granting Officer Martin's Motion to Dismiss on May 31 and June 1, 2005 were based *solely* on substantive legal grounds. The plaintiffs' motion seeks reconsideration of those orders. Therefore, Rule 59(e) is the operative rule. Since more than ten days have passed since the orders entered, plaintiffs' motion for reconsideration filed June 20, 2005, is untimely, and should be denied.

## II.   In The Alternative, Plaintiffs' Motion For Reconsideration Should Be Denied Under Fed.R.Civ.P. 60(b)

This Court allowed Officer Martin's Motion to Dismiss based *solely* on substantive legal grounds; therefore, the plaintiffs' motion for reconsideration should be interpreted as seeking to set aside the judgment of dismissal as legally erroneous. As stated above, nothing in either of this Court's orders stated that the Motion to Dismiss was granted because the plaintiffs' failed to file a timely response. Furthermore, the plaintiffs' make absolutely no reference to Fed.R.Civ.P. 60(b) in their motion for reconsideration.

Because the rule providing for relief from judgment is a vehicle for "extraordinary relief," motions invoking the rule should be granted only under exceptional circumstances. Torre v. Continental Insurance Company, 15 F. 3d 14-15 (1st Cir. 1994). "Ignorance of the rules or mistakes construing the rules does not usually constitute 'excusable' neglect..." Pioneer Inv.

Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Even if the Court elects to entertain the plaintiffs' motion under Fed.R.Civ.P. 60(b) it should be denied as the plaintiffs have clearly failed to comply with Local Rule 7.1(B)(2) which states that a "[p]arty opposing a motion, shall file an opposition to the motion within fourteen (14) days after service of the motion, unless another period is fixed by rule or statute, or *by order of the court*, . . ." (emphasis added). As no other time period is fixed by rule or statute and the Court did not order additional time for the plaintiffs' to file an opposition, the plaintiffs' failure to abide by this Rule is not an exceptional circumstance warranting relief under Rule 60(b). The plaintiffs could have filed a motion for enlargement of time with the court prior to the expiration of the time period delineated in Local Rule 7.1(B)(2) if they necessitated an additional six (6) weeks to file an opposition. Contrary to plaintiffs' assertion, their opposition was filed untimely. (Attorney Rubenstein's Affidavit at page 2).

Furthermore, plaintiffs state that the late production of their own expert's report necessitated an extension of time in which to reply to Officer Martin's Motion to Dismiss. (Attorney Rubenstein's Affidavit at ¶ 4). However, "[i]n considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference *in the complaint* and matters of which judicial notice can be taken.") (emphasis added). Pursuant to Rule 12(b)(6), it is only where the moving party introduces matters outside the pleading that the motion is to be treated as one for summary judgment. In his motion, Officer Martin stayed within the pleadings. *See* Officer Martin's Motion to Dismiss and Supporting Memorandum. Plaintiffs improperly attached exhibits beyond the pleadings to their opposition. *See Burns v. Potter*, 334 F. Supp. 2d 13, 17 (D. Mass.

2004). As the Court could not have considered the exhibits attached to plaintiffs' opposition or any references made thereto, waiting for an expert report should not be considered permissible grounds for the allowance of an extension of time to file an opposition in the first place let alone support a motion for reconsideration under Rule 60(b). Failure to adhere to clearly prescribed rules is clearly inadequate to support plaintiffs' motion and certainly does not constitute an "exceptional circumstance" warranting invocation of Rule 60(b) and reconsideration of this Court's sound order granting Officer Martin's Motion to Dismiss.

### III. CONCLUSION

For the foregoing reasons, Defendant Kevin Martin respectfully requests that the Court deny the plaintiffs' motion for reconsideration.

**KEVIN MARTIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES**
By His Attorneys,

_____
John A. Kiernan (BBO #271020)
Kenneth H. Naide (BBO #643213)
BONNER KIERNAN TREBACH &
CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

DATED: June 23, 2005

5

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been mailed, this 23rd day of June, 2005 to all counsel of record.

Attorney Michael D. Rubenstein
1725 Revere Beach Parkway
Everett, MA 02149

Attorney John J. Lang
220 Broadway, Suite 105
Lynnfield, MA 01940

_____
Kenneth H. Naide