## COMMONWEALTH OF MASSACHUSETTS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

C.A. No: 04-12700 RCL

| | |
|---|---|
| Marilyn Schlossberg as Administratrix of the Estate of Faye Schlossberg, <br> Marilyn Schlossberg, Individually, <br> Robert Schlossberg, Individually, <br> And Alan G. Schlossberg, Individually, <br>     Plaintiffs <br><br> v. <br><br> Town of Newbury, <br> Roger Merry, Chief of Police in his Individual and Official Capacities <br> John R. Lucey, Jr., in his Individual and Official Capacities <br> Peggy Olsen, in her Individual and Official Capacities <br> Michael J. Frayler, in his Individual and Official Capacities, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF OR REFERENCE TO CIVIL RIGHTS VIOLATIONS

The Defendants hereby move in limine to preclude plaintiffs' from introducing evidence of or making any reference to the claims of alleged civil rights violations. As ground for this motion, the defendants state that the plaintiffs have not answered 8 sets of interrogatories served on May 12, 2005, copies of which are attached hereto. Those interrogatories requested the factual basis of the alleged civil rights violations, the identity of each person with knowledge of any such facts, and the identity of each document containing any such facts.  As evidenced by the cover letter and certificate of service of defendants' counsel,

these 8 sets of interrogatories were served on plaintiff's counsel on May 12, 2005.  Since 19 months have passed since the service of those interrogatories, and discovery closed 7 months ago, it would be unfair and prejudicial to allow the plaintiffs to proceed at trial on their civil rights claims.

                                          By defendants' counsel,

                                          "/s/ John J. Lang"
John J. Lang
LANG & ASSOCIATES
220 Broadway, Suite 105
Lynnfield, MA  01940
(781) 595-3500

Dated: December 21, 2006              BBO# 542286

SENT BY: FORENSIC MEDICAL                                    -16-05  4:53PM;                PAGE 2

# Forensic Medical Consulting P.C.

580 Carr...                                                  426-1250 fax 426-1240

May 16, 2005

Michael D. Ru...
1725 Revere B...
Everett, MA 0...

RE: PROBE

Re: Faye Schlossberg (deceased)

Dear Attorney ...

I have reviewed the materials you forwarded to me concerning Faye Schlossberg, including her past medical records from Cape Anne Hospital from 1999, 2000 and 2001, as well as the reports from the Justice office of the District Attorney for the Eastern District of the Commonwealth of Massachusetts accompanying the cover letter of First Assistant District Attorney, Daniel F. Walsh, dated February 14, 2002, and the records of the Commonwealth of Massachusetts Office of the Medical Examiner concerning the autopsy of Faye Schlossberg by William Zane, M.D. on December 28, 2001.

Ms. Schlossberg was arrested for operating a vehicle under the influence of drugs on December 27, 2001 at approximately 11:30 p.m. The records indicate that Newbury Police Department Officer Michael ... Pender and Patrolman John Lucey responded to a single car motor vehicle accident that occurred on Scotland Road in the town of Newbury. Ms. Schlossberg was the driver and sole occupant of a blue Mercury Grand Marquis that crossed over the pedestrian dry line of the road and struck a utility pole. When Ms. Schlossberg was contacted by the police officers responding to the accident, she was observed standing through opening the vehicle and she appeared somewhat disoriented. The officers noted that she had slurred speech and difficulty standing with balance problems and that she was unsteady/unstable on her feet, swaying back and forth when attempting to maintain. The officers noted that she did not smell of alcoholic beverages but appeared intoxicated and therefore they believed she was under the influence of drugs. She was thereafter transported by Patrolman John Lucey to the police station in Newbury. Due to her suspected to be under the influence of drugs, Patrolman Lucey contacted Newbury Police Officer Kevin Martin because of his particular expertise and certification as a D.R.E. (Drug Recognition Evaluation). It was requested of Officer Martin that he conduct the evaluation.

SENT BY: FORENSIC MEDICAL                                    MAY-16-05  4:53PM;              PAGE  3/5

Forensic Medic[...], PC
Michael D. Rubo[...]
Re: Faye Schloss[...]
May 16, 2005
Page 2 of 4

The ev[aluation by Officer Martin of Ms. Schlossberg o]ccurred on December 22, 2001 beginnin[g at ...shortly past midnight and ending at 1:0]1 a.m. His conclusion was that she was u[nder the influence of narcotic analgesics. His e]xamination and evaluation disclosed that [her coordination was poor, that she had slurred] speech and that her pupils had little to no [reaction to light. Her pupils were described as] very small, ranging from 2.0 to 3.0 mill[imeters in diameter depending on lighting cond]itions; including room light, direct light, da[rkness and indirect light. Ms. Schlossberg sho]wed loss of balance and very comprom[ised coordination in attempting to walk heel-t]o-toe for nine steps and return as a par[t of the regular field sobriety evaluation.] Officer Martin also noted that her oral ca[vity had a fairly poor reading. However, as pa]rt of his evaluation, Officer Kevin Martin [did not obtain any toxicology samples as he cla]ims in his report that the Newbury Poli[ce Station did not have any storage or holding] facility for urine samples. Ms. Schlossbe[rg was accordingly transported to the Newbury] Police Station and placed in cell 5, apparer[tly unmonitored for sixteen and one-half hour. Ms]. Schlossberg was processed by Officer Pe[ggy Olson and adequately distraught, and in her s]tatement Officer Olson reports that sh[e had minimal contacts with Ms. Schlossberg du]ring the early hours of December 22, [2001. Even though Officer Olson goes throug]h some of the details of her search during [the booking process to which Ms. Schlossberg] was subjected, Ms. Schlossberg w[as apparently with no charges or medication pu]t into the cell and was provided wate[r by Ms. Olson.]

The la[st contact between Officer Olson and Ms. Schlos]ssberg reportedly occurred at about 1:15 [a.m. on December 22, 2001. At that time, she n]otes that she had provided two blankets a[nd two pillows for the comfort of Ms. Schlossb]erg as well as some water. Ms. Schlossbe[rg complained that her knees were sore but a]ttributed it to Chinese food she had been e[ating earlier that night prior to the accident.]

It is re[ported that the "Baritone" monitor was utilized] so that they could hear inside the cell [whether Ms. Schlossberg was there. It is reported] that Ms. Schlossberg snored through[out the night. At the request of Ms. Schlossbe]rg, Officer Olson went to awake her to r[eturn calls for bail some after 2 a.m. on Decem]ber 22, 2001. It was at that time that they [realized that she was unresponsive. A pulse was] initially present at the carotid and the[re was spontaneous shallow breathing. Howev]er, after a short interval breathing stop[ped and backup in a parallel nature were s]ummoned. Ms. Schlossberg was transporte[d to Anna Jaques Hospital and on admission s]he was noted to be completely un[responsive with spontaneous respiration and a] heartbeat. Emergency resuscitative e[fforts were unsuccessful in returning a sustain]ardiac rhythm despite the fact that her pl[asma potassium was low and she had received a] rather excessive amount of brain anoxia. [On December 22, 2001, at 10:13 a.m. Ms. Schlo]ssberg was pronounced brain dead and [life support was discontinued on request thereafter.]

SENT BY: FORENSIC MEDICAL                                    MAY-16-05   4:53PM;              PAGE 4/5

Forensic Medical Consulting, P.C.
Michael D. Ruben [illegible]
Re: Faye Schlossberg
May 16, 2005
Page 3 of 4

The autopsy report notes that Ms. Schlossberg was autopsied on Friday, December 28, [illegible] by William [illegible] M.D. There were no significant findings. However, antemortem blood samples from December 22, 2001 taken at 1:40 p.m. during the Anna Jaques hospitalization were submitted to toxicology and demonstrated a free codeine level of [illegible] ng/ml as well as free morphine of 36 ng/ml. These represent extremely excessive levels of opiate analgesics, particularly codeine in the decedent's blood and it is [illegible] that at the time of Ms. Schlossberg's death, Codeine, as well as morphine, are opiate analgesics and as a class of drugs, they cause respiratory depression, which in the case resulted in marked hypoxia and cardiac arrest resulting in brain death.

Assessing the actions of Officer Kevin Martin, it is my opinion that he acted with reckless disregard [illegible] toward the wellbeing of Ms. Schlossberg by incarcerating her rather than taking her to the hospital for evaluation and treatment of a drug overdose. Patrolman Martin [illegible] of the fact that Ms. Schlossberg had a negative breath alcohol test and [illegible] that her intoxication was completely due to drugs. As an officer trained in drug recognition evaluation (DRE), he was aware of the fact that opiate analgesic intoxication, as he stated to be the condition of Ms. Schlossberg at the time of his evaluation, is a very dangerous condition that poses risk for death without medical treatment. Further, had Ms. Schlossberg received medical care for her overdose rather than being transported to the police department for lock-up, her chances of surviving the overdose with no deficit approach 100%. The drug Narcan could have been administered in a hospital and would have been given to Ms. Schlossberg immediately upon identifying the fact that she was intoxicated by opiates. This would have resulted in immediate reversal of the drug effects, including the respiratory depressant effect. Subsequently, [illegible] would have been monitored in the hospital and her outcome, as noted, would have almost certainly resulted in survival with no deficit.

Of note, Ms. Schlossberg had prior to December 22, 2001, two other drug overdoses during the past three months and additionally another two overdoses during the years 1999 and [illegible]. Specifically, on October 26, 2001, Ms. Schlossberg overdosed on Soma; on September 10, 2001 overdose; on September 17, 2000 on Fentanyl; and on February 26, 1[illegible] on Soma again.

In summary, it is my opinion with a reasonable medical certainly that the conduct of Officer Kevin Martin related to his encounter with and evaluation of Ms. Schlossberg on December 22, [illegible] and resulted in her death was a willful and reckless disregard for her wellbeing. This willful and reckless failure to transport by Officer Kevin Martin resulted in the death of Ms. Schlossberg. Had he acted appropriately and recommended that she be taken to the hospital for medical evaluation and treatment, Ms. Schlossberg would have survived the incident without incident. It must also be noted that almost all lay people would

Forensic Medical Consulting, PC
Michael D. Ruberto, Esquire
Re: Faye Schlossberg
May 16, 2005
Page 4 of 4

understand the [...] ly opiates, when faced with the diagnosis of [...] had reached by the conclusion of [...].

If you have any questions or if I can be of any further assistance to you please do not hesitate to contact me.

Very truly yours,

David A. Rigle, M.D.
Medical Director
Chief Forensic Consultant
Forensic Medical Consulting, P.C.

DAR/tmc

## COMMONWEALTH OF MASSACHUSETTS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

C.A. No: 04-12700 RCL

| | |
|---|---|
| Marilyn Schlossberg as Administratrix of the Estate of Faye Schlossberg, Marilyn Schlossberg, Individually, Robert Schlossberg, Individually, And Alan G. Schlossberg, Individually,     Plaintiffs | ) ) ) ) ) ) ) |
| v. | ) ) |
| Town of Newbury, Roger Merry, Chief of Police in his Individual and Official Capacities John R. Lucey, Jr., in his Individual and Official Capacities Peggy Olsen, in her Individual and Official Capacities Michael J. Frayler, in his Individual and Official Capacities,     Defendants | ) ) ) ) ) ) ) ) ) ) ) |

## **DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY**

The Defendants hereby move in limine to preclude any expert testimony from the two experts identified by plaintiffs in the Pre Trial Memorandum, David A. Rigle, M.D., and Melvin L. Tucker. As grounds for this motion, the defendants state the following:

1. The only report received from David A. Rigle, M.D. contains opinions relating to the conduct of Newburyport Police Officer Kevin Martin who has previously been dismissed from the case. The report does not contain any conclusions or opinions regarding the conduct of any remaining defendants. A copy of Dr. Rigle's report is attached hereto.

    Fed. R. Civ. P. 26(a)(2) requires parties to provide an expert report containing "a complete statement of all opinions to be expressed and the basis and reasons therefore."  As the report of Dr. Rigle does not contain any opinions regarding the conduct of any defendants currently in the case, the plaintiffs have failed to comply with Fed. R. Civ. P. 26(a)(2) and should not be permitted to offer expert testimony from Dr. Rigle regarding the defendants' conduct.

2.    The plaintiffs have not previously identified Melvin L. Tucker and have not provided any report containing his conclusions and opinions. Mr. Tucker has never been referenced in any of the pleadings or document production in this litigation prior to his identification in the Pre Trial Memorandum. The plaintiffs have, therefore, violated Fed. R. Civ. P. 26(a)(2)  and should not be permitted to introduce any expert testimony from Mr. Tucker.

By defendants' counsel,

"/s/ John J. Lang"
John J. Lang
LANG & ASSOCIATES
220 Broadway, Suite 105
Lynnfield, MA  01940
(781) 595-3500
BBO# 542286

Dated: December 21, 2006

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

C.A. No: 04-12700 RCL

| | |
|---|---|
| Marilyn Schlossberg as Administratrix of the Estate of Faye Schlossberg, <br> Marilyn Schlossberg, Individually, <br> Robert Schlossberg, Individually, <br> And Alan G. Schlossberg, Individually, <br>     Plaintiffs <br><br> v. <br><br> Town of Newbury, <br> Roger Merry, Chief of Police in his Individual and Official Capacities <br> John R. Lucey, Jr., in his Individual and Official Capacities <br> Peggy Olsen, in her Individual and Official Capacities <br> Michael J. Frayler, in his Individual and Official Capacities <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**CERTIFICATE OF SERVICE**

I, John J. Lang, counsel for the defendants, hereby certify that I have on this date served a copy of the within:

- Defendants' Motion In Limine To Preclude Evidence Of or Reference To Civil Rights Violations
- Defendants' Motion In Limine To Preclude Expert Testimony

by faxing, and mailing, by first class mail, postage pre-paid, on:

Michael D. Rubenstein, Esquire
1725 Revere Beach Parkway
Everett, MA  02149

By defendants' counsel,

"/s/ John J. Lang"
John J. Lang
LANG & ASSOCIATES
220 Broadway, Suite 105
Lynnfield, MA  01940
(781) 595-3500
BBO# 542286

Dated: December 21, 2006