UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION #04-12700 RCL

| | |
|---|---|
| MARILYN SCHLOSSBERG<br>AS ADMINISTRATRIX OF THE<br>ESTATE OF FAYE SCHLOSSBERG,<br>MARILYN SCHLOSSBERG, INDIVIDUALLY,<br>ROBERT S. SCHLOSSBERG, INDIVIDUALLY,<br>and ALAN G. SCHLOSSBERG, INDIVIDUALLY<br><br>　　　　　Plaintiffs<br><br>　　v.<br><br>TOWN OF NEWBURY,<br>ROGER MERRY, CHIEF OF POLICE in his<br>Individual and Official Capacities<br>JOHN R. LUCEY JR., in his Individual<br>and Official Capacities<br>MICHAEL J. FRAYLER, in his Individual<br>and Official Capacities<br>PEGGY OLSON, in her Individual and<br>Official Capacities.<br>　　　　　Defendants | * * * * * * * * * * * * * * * * * * * * * * |

**JOINT PRE-TRIAL MEMORANDUM**

A. TRIAL COUNSEL

Plaintiff's counsel:

Michael D. Rubenstein, Esq.
1725 Revere Beach Parkway
Everett, MA  02149
(617) 387-3548

Defendant's Counsel:

John J. Lang, Esq.
Lang & Associates
220 Broadway, Suite 105
Lynnfield, MA  01940
(781) 595-3500

B. SUMMARY OF PARTIES' POSITIONS

**Plaintiffs' Position:**

This is a wrongful death action brought against the Town of Newbury, Chief of Police, Roger Merry, for the Town of Newbury, and Police Officers, John R. Lucey Jr., and Michael J. Frayler, Dispatcher/Matron for the Town of Newbury, Peggy Olson, pursuant to, inter alia, 42 U.S.C. sec. 1983. The Plaintiffs allege that the aforementioned officers and/or employees of the Town of

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

Newbury, were negligent and/or recklessly indifferent in denying Faye C. Schlossberg appropriate medical care and attention that resulted in her wrongful death. As a result of the officers' and/or employees of the Town of Newbury's negligence and conspiracy to cover up the negligent acts they committed, Faye C. Schlossberg's and the Plaintiffs' civil rights have been violated under the Federal and State Constitutions.

The Town of Newbury and the Chief of Police, Roger Merry, engaged in a pattern of deliberate indifference to the civil rights of its citizens by failing to properly hire, train, supervise, discipline or otherwise take appropriate steps to ensure that persons in its custody are not subject to denial of or delayed medical care and attention for their injuries; subjected to cover ups, conspiracies, concealment of evidence, or denied meaningful investigation of their complaints against its police officers and civilian staff.

The Plaintiffs allege that the decedent, Faye C. Schlossberg was arrested by an officer of the Newbury Police Department on a charge of operating under the influence of drugs. Despite the fact that they had before them an individual who they say was clearly under the influence of narcotics, and who was in medical distress, the Defendants did not take her to the nearby hospital to have her checked by a licensed physician prior to incarcerating her. Instead, they had an officer from a neighboring town come to the Newbury Police Department and conduct a medical examination of the decedent. They did this for the purpose of gathering evidence for the criminal case, and not for any concern for the safety or well-being of Faye C. Schlossberg. The police officer who conducted the medical examination of Faye Schlossberg determined that she was under the influence of narcotics, but not in need of any medical attention. In fact, the medical records demonstrate that the decedent was a diabetic, and that her blood sugar levels were so high at the time of this examination, that she required immediate medical attention. The medical expert testimony is also anticipated to be that had she received proper medical attention, that there was a 100% probability that death would not have occurred.

The Plaintiffs further allege that the Defendants then placed the decedent in the one cell in the Newbury Police Department which did not have a video monitor. The Plaintiffs expect the expert medical testimony to be that at some point during the evening, the decedent passed out on the cold cement floor, and was left there for approximately 5-7 hours without being checked on by the Newbury Police. The Plaintiffs expect the evidence to show that the decedent was suffering from hypothermia at the time of her death from being on the cold cement floor for so many hours prior to being discovered in the morning by the Defendants.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

The Plaintiffs further expect the evidence to show that the Defendants engaged in a conspiracy to cover up their treatment, by altering police reports and fabricating evidence in order to make it appear like they had followed proper police procedures. The Plaintiffs further expect the evidence to show that the Defendants did not follow proper police procedure and that their training and supervision was so shoddy that it contributed to the death of Faye C. Schlossberg.

**Defendants' Position:**

The Defendants contend that they acted reasonably and appropriately at all times with regard to the arrest and detention of Faye Schlossberg (Schlossberg) on December 21-22, 2001. The Defendants deny that they were negligent or violated any of Schlossberg's civil rights.

Schlossberg did not exhibit any physical signs or conditions which required medical treatment during the arrest process or subsequent detention. The Newbury Police arranged to have Schlossberg undergo a drug recognition evaluation by Officer Kevin Martin of the Newburyport Police. Officer Martin conducted his evaluation between 12:20 a.m. and 1:01 a.m. on December 22, and concluded that Schlossberg was under the influence of narcotics but was not in need of any medical treatment. Thereafter Defendant, Peggy Olson, had substantial conversations with Schlossberg until about 3:30 a.m. and, during this period, Schlossberg's only physical complaint was knee pain. Olson provided water and a second blanket to Schlossberg. At approximately 3:30 a.m., Schlossberg fell asleep on the floor of her cell, lying semi-curled on her right side and snoring softly. Over the next three-and-a-half hours did a visual check of Schlossberg every 15 minutes and maintained constant audio surveillance of her through an intercom system. According to Olson, Schlossberg slept during this entire time period and eventually began to snore loudly. Schlossberg did not exhibit any signs of physical distress while sleeping from 3:30 to 7:00 a.m.

Olson entered Schlossberg's cell at about 7:05 a.m. and Schlossberg did not respond to verbal commands or Olson shaking her other than to make a couple of brief "snorting" sounds. Olson could not hear any further breathing sounds and subsequently could not find a pulse. Emergency medical services were started and the Newbury Fire Department and EMT's then arrived to transport Schlossberg to Anna Jacques Hospital in Newburyport. She was determined to be in cardiac arrest at the hospital and remained unconscious and unresponsive over the next four days. Schlossberg died at Anna Jacques Hospital on December 26, 2001. The Commonwealth of Massachusetts Medical Examiner concluded that Schlossberg died as a result of opiate intoxication but did not determine the manner of death.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL. (617) 387-3548
FAX: (617) 387-4416

The Defendants maintain that the Plaintiffs do not have any evidence to support any claim for violation of Schlossberg's civil rights under state or federal statutes. The individual Defendants are immune from negligence claims under Mass. Gen. Laws c. 258. The Defendants submit that this is simply a negligence case and the only claim that should go to the jury is the negligence claim against the Town of Newbury.

C. PURSUIT OF CLAIMS

The Plaintiffs intend to pursue all of their claims at trial, and the Defendants intend to raise all of their defenses at trial.

D. STATEMENT OF ESTABLISHED FACTS

1. Faye C. Schlossberg, the decedent, was an individual who resided in the Town of Newbury, Essex County, Massachusetts prior to her death.

2. Plaintiff, Marilyn R. Schlossberg, is the surviving mother of Faye C. Schlossberg, deceased and appointed, qualified and acting administratrix of the estate of Faye C. Schlossberg. Marilyn Schlossberg is an individual who currently resides in Las Vegas, Nevada.

3. Plaintiff, Robert S. Schlossberg, is the surviving father of the decedent, Faye C. Schlossberg, and resides in West Palm Beach, Florida.

4. Plaintiff, Alan G. Schlossberg, is the surviving brother of the decedent, Faye C. Schlossberg, and resides in Las Vegas, Nevada.

5. Defendant, Town of Newbury, is a municipality located in Essex County, Massachusetts.

6. Defendant, Roger Merry, is an individual who is employed by the Town of Newbury as the Police Chief, and on information and belief, is a resident of Massachusetts.

7. Defendant, John R. Lucey Jr., is an individual who is employed by the Town of Newbury as a police officer, and on information and belief, is a resident of Massachusetts.

8. Defendant, Michael J. Frayler, is an individual who is employed by the Town of Newbury as a police officer, and on information and belief, is a resident of Massachusetts.

9. Defendant, Peggy Olson, is an individual who is employed by the Town of Newbury as a dispatcher/matron, and on information and belief, is a resident of Massachusetts.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

10. On or about December 21, 2001, at approximately 10:40 p.m., Schlossberg's vehicle was involved in a single car accident in the town of Newbury, in which it went off the road and struck a utility pole.

11. Officers Lucey and Frayler were dispatched to the scene of the accident.

12. Officers Lucey and Frayler ordered Schlossberg out of her vehicle and placed her under arrest for suspicion of operating under the influence of alcohol or drugs.

13. Officers Lucey and Frayler reported that at the time of their initial observation of Schlossberg, her speech was slurred, slow and unintelligible.

14. Officers Lucey and Frayler reported that Schlossberg was extremely unsteady on her feet and was swaying.

15. After Lucey and Frayler made these observations, Schlossberg was placed in custody and was transported to the Newbury police station and booked.

16. The booking procedure was conducted by Lucey.

17. During the booking procedure, Officer Kevin Martin came to the Newbury Police station, and acting as an agent of the Newbury Police Department, conducted a drug recognition examination of Schlossberg.

18. After his examination of Schlossberg, Officer Martin made a determination that Schlossberg was under the influence of narcotics, but that she did not need medical treatment.

19. After the booking procedure and drug recognition examination were completed by Officer Martin, Schlossberg was then placed in a cell that did not have video monitors.

20. Some time in morning around 7:00 a.m., Schlossberg was discovered in the cell in medical distress. Emergency medical procedures were instituted.

21. Schlossberg was rushed to the hospital, but she never regained consciousness, and ultimately died on December 26, 2001.

E. CONTESTED ISSUES OF FACT

The Plaintiffs are alleging that the Defendants denied proper medical care to the decedent, and claim that she was left unattended in a cell without video monitors for approximately 6-7 hours on the evening in question. The Plaintiffs are alleging that the Defendants' allegations that they checked on the decedent every 15 minutes during the night are fabricated. The

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

- Page 5 -

Plaintiffs are alleging that the Defendants then altered police reports and otherwise conspired to cover up their violation of the civil rights of the decedent. The Plaintiffs are also alleging that the Defendants were not properly trained and supervised. The Defendants dispute each and every one of these facts.

The Defendants are alleging that at all times they acted in a reasonable and appropriate manner during the custody of the decedent, that they checked on her well-being every 15 minutes, that she was not in any distress or otherwise in need of medical attention, and that they in no way violated the civil rights of the decedent. The Plaintiffs dispute each and every one of these facts.

F. QUESTIONS RAISED BY PENDING MOTIONS

None at this time.

G. ISSUES OF LAW/EVIDENTIARY QUESTIONS

The Defendants are filing herewith a motion in limine precluding evidence of or reference to any of the Plaintiffs' civil rights claims, based upon Plaintiffs' failure to answer Defendants' interrogatories requesting the factual basis of the civil rights claims, including the identity of all persons with knowledge of those facts and all documents containing any such facts.

The Plaintiffs maintain that this motion is frivolous, and that the Plaintiffs have answered all interrogatories that were served on them by the Defendants. The Plaintiffs maintain that this motion in limine is just a desperate attempt by the Defendants to circumvent the court's recent ruling against them on their motion to file a late summary judgment motion.

The Defendants are filing herewith a motion in limine regarding Plaintiffs' proposed expert testimony. The Defendants contend that the Plaintiffs have not previously identified Melvin L. Tucker as an expert and have not provided any reports or opinions from Mr. Trucker. The Defendants further maintain that the report produced from David A. Rigle does not contain any opinions concerning any conduct of the Defendants. Accordingly the Plaintiffs have not complied with Fed. R. Civ. P. 26(a)(2).

The Plaintiffs maintain that due to difficulties in locating an expert that would be willing to testify on the deficiencies of the Newbury Police Department in this case, they have technically complied with the Rules. Plaintiffs' counsel has not been able to locate one expert witness in Police Procedures in the Commonwealth of Massachusetts who was willing to testify against the Defendants, and had to search nation-wide to find such an expert. As the Defendants have been less than diligent

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

in complying with the Rules in this case, having only just recently filed their Automatic Disclosures, the Plaintiffs should be granted a little leeway and allowed to supplement their discovery responses to include a report from their expert witness, and should be allowed to call said expert to testify at trial.

H. REQUESTED AMENDMENTS TO THE PLEADINGS

Plaintiff's request:  If the court intends to send a copy of the complaint to the jury, the Plaintiff suggests that it might be appropriate to allow the filing of an Amended Complaint redacting all reference to the former Defendant, Officer Kevin Martin of the Newbury Police Department, who was previously dismissed as a defendant by the Court.

I. ADDITIONAL MATTERS TO AID IN DISPOSITION

The Plaintiffs suggest that this case might benefit from some sort of mediation prior to going to trial.

J. ESTIMATED TRIAL TIME

The Plaintiffs' counsel believes that this matter will take between 5-7 days of trial time.  The Defendants' counsel believes that it will take between 4-5 days of trial time.

K. WITNESS LISTS

| Plaintiffs' Witness List: | Purpose: |
|---|---|
| a. Marilyn Schlossberg<br>1401 Red Crest Lane, Unit 103<br>Las Vegas, NV   89144 | Factual |
| b. Robert S. Schlossberg<br>9 Kent A<br>West Palm Beach, FL   33417-1702 | Factual |
| c. Alan G. Schlossberg<br>2236 Timber Road Drive<br>Las Vegas, NV   89134 | Factual |
| d. David A. Rigle, M.D.<br>Forensic Medical Consulting, P.C.<br>380 Cross Street<br>East Syracuse, NY   13057 | Medical Expert |

Dr. Rigle is expected to offer expert forensic pathology testimony on the cause of the decedent's death, on the obvious nature of her medical distress, on the fact that had the decedent received proper medical care that there was a 100% chance of survival, on the fact that failure to have the decedent examined by a qualified physician led to her death, and

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

on the incomplete and erroneous findings of the medical examiner. He is also expected to explain to the jury the medical records of the decedent to the jury and the pain and suffering that she most likely endured prior to slipping into a coma and dying.

| | | |
|---|---|---|
| e. | Melvin L. Tucker<br>1505 Johnson Drive<br>Morristown, TN  37814 | Police Procedures<br>Expert |

Mr. Tucker is a police procedures expert who is expected to testify as to the improper procedures used by the Newbury Police Department, as to the lack of training and supervision of the officers involved, as to the altering of police reports and other conspiratorial actions of the Defendants, and as to the violations of the civil rights of Faye Schlossberg by the Defendants.

f.  Any and all witnesses listed on the Defendants' witness list below.

**Defendants' Witness List:**                                     **Purpose:**

| | | |
|---|---|---|
| a. | Roger Merry, Chief of Police<br>Newbury Police Department | Factual |
| b. | John R. Lucey, Jr.<br>Newbury Police Department | Factual |
| c. | Michael J. Frayler<br>Newbury Police Department | Factual |
| d. | Peggy Olsen,<br>Newbury Police Department | Factual |
| e. | Kevin Martin<br>Newburyport Police Department | Factual |
| f. | Trooper Barry Brodette<br>Mass. State Police Department | Factual |
| f. | Matthew Passeri,<br>Newbury Police Department | Factual |
| h. | Charles Eaton,<br>Newbury Police Department | Factual |
| i. | Dr. Matthew Cote<br>Anna Jacques Hospital | Medical |
| j. | Dr. Suzanne J. Abkowitz<br>Anna Jacques Hospital | Medical |
| k. | Dr. William Zane<br>Office of the Chief Medical Examiner | Medical |

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW
1725 REVERE BEACH PARKWAY
EVERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

l.  Dana Davis                                              Medical
    Emergency Medical Technician

m.  Tim Wareham                                             Medical
    Emergency Medical Technician

L. LIST OF PROPOSED EXHIBITS

1.  Medical Records of Faye Schlossberg from the Ana Jacques Hospital.

2.  Autopsy report of Dr. William Zane, Office of the Chief Medical Examiner.

3.  Northeast Emergency Medical Services reports of Tim Wareham and Dana Davis.

4.  Newbury Police Department arrest report for Faye Schlossberg dated December 21, 2001.

5.  Newburyport Police Department Drug Recognition Evaluation for Faye Schlossberg, dated December 21, 2001.

6.  Newbury Police Department Suicide Evaluation Form for Faye Schlossberg, dated December 21, 2001.

7.  Commonwealth of Massachusetts Police Report of Motor Vehicle accident for Faye Schlossberg, dated December 21, 2001.

8.  Newbury Police Department Operator Information Sheet for Faye Schlossberg, dated December 21, 2001.

9.  Report of Newburyport Police Officer, Kevin Martin.

10. Report of Newbury Patrolman, Charles Eaton.

11. Report of Newbury Patrolman, Matthew Passeri.

12. Report of Newbury Dispatcher, Peggy Olson.

13. Report of Newbury Detective, John R. Lucey.

14. Report of Newbury Patrolman, Michael J. Frayler.

15. Death Certificate for Faye C. Schlossberg.

16. Photographs of Newbury Police Station.

**Documents which might be subject to objection:**

17. Report of Massachusetts State Police Trooper, Barry Brodette regarding investigation of Faye Schlossberg's death.

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

25 REVERE BEACH PARKWAY
ERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416

18. Newbury Police Department documents relating to policies, procedures and training, including but not limited to policies and procedures for lockup and detention of prisoners and drug recognition evaluation.

19. Newbury Police Department record of arrests and protective custodies for Faye Schlossberg.

## M. PROPOSED JURY INSTRUCTIONS

Any such instructions available at this time are enclosed herewith. The parties respectfully reserve the right to supplement this paragraph in the immediate future.

## N. VOIR DIRE QUESTIONS

Any such instructions available at this time are enclosed herewith. The parties respectfully reserve the right to supplement this paragraph in the immediate future.

| | |
|---|---|
| Marilyn Schlossberg, et al<br>By their attorney,<br><br>*Michael D. Rubenstein*<br><br>Michael D. Rubenstein, Esq.<br>1725 Revere Beach Parkway<br>Everett, MA  02149<br>(617) 387-3548 | The Town of Newbury, et al<br>By their attorney,<br><br>*[signature]*<br><br>John J. Lang, Esq.<br>Lang & Associates<br>220 Broadway, Suite 105<br>Lynnfield, MA  01940<br>(781) 595-3500 |

MICHAEL D. RUBENSTEIN
ATTORNEY AT LAW

1725 REVERE BEACH PARKWAY
VERETT, MASSACHUSETTS 02149
TEL: (617) 387-3548
FAX: (617) 387-4416